## SIMEON HUSE v. FRED ESTABROOKS.

OCTOBER TERM, 1894.

*Chattel mortgage. Indefiniteness of description.*

A chattel mortgage of "two two-year-old heifers and three one-year-old heifers" with nothing more, is void for indefiniteness as against the vendee of the mortgagor, although it appear on trial that, at the date of the mortgage, the mortgagor owned the property described, and does not appear that he owned any other of the same kind.

Trover for two three-years-old and three two-years-old heifers. Heard on the report of a referee at the June term, 1894, Caledonia county, TYLER, J., presiding. Judgment for the plaintiff. The defendant excepts.

*M. Montgomery* for the defendant.

The mortgage was invalid for uncertainty in the description. Pingry, Chat. Mort., ss. 142, 143; *Bowers* v. *Andrews*, 52 Miss. 596; *Nicholson* v. *Carpe*, 58 Miss. 34; *Barrett* v. *Fisch*, 76 Iowa 553; *Parker* v. *Chase & Buck*, 62 Vt. 206.

*Bates & May* for the plaintiff..

The description was sufficient. *Parker* v. *Cheney*, 62 Vt. 206 ; Jones, Chat. Mort., ss. 53, 54 ; 1 Cobby, Chat. Mort., ss. 155 *et seq.*

ROWELL, J. The plaintiff relies for recovery on a chattel mortgage of which he is assignee, wherein cattle of the kind in question are described as "two two-year-old heifers and three one-year-old heifers," without more. The defendant was never a party to the mortgage, but purchased of the mortgagor after the mortgage was given.

There was no evidence before the referee tending to show that at the time the mortgage was executed the mortgagor "owned or was possessed of any stock of the kind described in the mortgage except what is therein described, and no claim was made that he did not then own and have in his possession all the stock which is described in the mortgage." It is found that the cattle in question were owned and pos-sessed by the mortgagor at the time he gave the mortgage, and are the heifers that he attempted and intended to mort-gage.

While it may often be difficult and sometimes impossible to describe property of this kind with such certainty that it can be identified without the aid of extrinsic evidence, yet the mortgage must contain some statement concerning the property that will serve to distinguish it from other property of the same kind when the existence of the. thing stated is made to appear, which may be done by evidence *aliunde*. The object of the mortgage is to convey specific property, not to give a right to any property of the kind mentioned. The extent of the mortgagee's right is, to have claim on the identical property mortgaged, and if the description is so uncertain as to apply equally to any property of the kind described, there can be no identification without proving

something not referred to in the mortgage, which is not allowable. The description need not, as this court has said, be such as to enable one to find the property without inquiry ; but it must be such as to suggest the inquiry and afford a basis of identification. The statement of number and ownership has been held to be sufficient in certain circumstances, when it appeared that the mortgagor owned no more at the time than the number stated, and especially has such a statement, when coupled with a statement of location, been held sufficient if it appeared that the mortgagor had no more at the place named than the number stated. But in this case it is not found that the mortgagor owned no more heifers of the ages mentioned than the number stated. What is reported on this subject amounts to no more than saying that it did not appear whether he did or not. Neither ownership, possession, nor location is stated in the mortgage, nor is it stated that the heifers mentioned were all the heifers of those ages that the mortgagor owned ; so the description applies equally to any heifers of the ages stated, and you cannot apply it to the heifers in question without pursuing a line of inquiry not suggested by the mortgage and proving something not referred to in it. The description is, therefore, too indefinite to make the mortgage good against third persons.

As this view is decisive against the plaintiff's right, it is unnecessary to consider any other question.

*Judgment reversed, and judgment for the defendant to recover his costs.*