## Clark v. Ford, et al.

(Decided March 15, 1918.)

### Appeal from McCracken Circuit Court.

1. Mortages—Unrecorded Mortgage—Liens.—An unrecorded mortgage executed by the mortgagor to the mortgagee to indemnify the latter against loss as surety of the former, may give a lien superior to a lien or equity subsequently acquired by the levy of an attachment upon the mortgaged property in favor of a creditor of the mortgagor.

2. Mortgages—Unrecorded Mortgage—Liens.—A mortgage, though unrecorded, is valid against purchasers or creditors with notice. Therefore, the holder of an unrecorded mortgage upon personal property upon which another creditor of the mortgagor, has subsequent to the execution of the mortgage, levied an execution or attachment may, at any time before the sale under the execution or attachment, give notice to the execution or attachment creditor of his mortgage and arrest the sale and enforce his mortgage lien in preference to the lien acquired by the levy of the execution or attachment.

CAMPBELL & CAMPBELL for appellant.

W. A. BERRY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

In March, 1916, the appellant, Mrs. O. A. Clark, sustained bodily injuries in a collision with an automobile operated by the appellee, Mrs. Margaret Ford. July 14th, 1916, appellant brought suit against Mrs. Ford in the McCracken circuit court seeking the recovery of damages for the injuries caused by the latter's automobile; it being alleged in the petition that they resulted from Mrs. Ford's negligent manner of operating the automobile. The answer of the appellee, Ford, denied the negligence

charged in the petition and alleged contributory negligence on the part of appellant, which was denied by the latter's reply. The trial, which occurred November 6th, 1916, resulted in a verdict and judgment awarding appellant $500.00 damages.

January 22nd, 1917, appellant caused an execution to be issued for the amount of the judgment and costs of the action, directed to the sheriff of McCracken county, who returned it January 30th, 1917, endorsed, "No property found." February 7th, 1917, this action was instituted in the McCracken circuit court by the appellant, Clark, against the appellees, Margaret Ford and Mrs. Elbridge Palmer, to enforce the collection of the judgment in her favor against the former. The petition, in substance, alleged the recovery by appellant of the judgment for damages against Mrs. Ford in the previous action, the issuance of the execution and the return of *nulla bona*; and that the appellee, Ford, was the owner and in the possession of a "Dodge" automobile, exceeding in value the amount of appellant's judgment and costs, upon which she had executed to the appellee, Mrs. Palmer, a mortgage which had never been put to record. It was further alleged in the petition that this mortgage was pretendedly executed to indemnify Mrs. Palmer as surety upon certain notes which Mrs. Ford claimed to have executed to the vendor of the "Dodge" automobile, but was in fact executed to prevent the collection of appellant's judgment, and with the intent to defraud her and other creditors of the appellee, Ford, as well as to prefer Mrs. Palmer to the exclusion of appellant and other creditors of Mrs. Ford. The petition also alleged the necessary ground for an attachment and prayed that a specific attachment be issued, which was done and the attachment levied upon the automobile in question and copies thereof served upon Mrs. Ford and one or two other persons alleged to be indebted to her. The appellee, Mrs. Palmer, filed a separate answer to the petition traversing its allegations, and, in addition, alleging that on April 15th, 1916, Mrs. Ford, who was then and now is an employe in the service of a charitable society in the city of Paducah, of which Mrs. Palmer is a promotor, finding the use of an automobile necessary in the work required of her, purchased of the Dubois-Ashcraft Motor Company the "Dodge" car mentioned at the price of $815.00, for

which she gave her several notes of $40.00 each, payable monthly and all bearing interest at six per cent. from date; that upon Mrs. Ford's advising with Mrs. Palmer as to the purchase of this automobile the latter had, at Mrs. Ford's request, agreed to become her surety upon the several notes referred to, provided Mrs. Ford would execute to her a mortgage upon the automobile to indemnify her against loss by reason of such suretyship; that when on April 15th, 1916, she (Mrs. Palmer) signed the notes as surety for Mrs. Ford, the latter had not then executed the mortgage as therefore agreed between them, but promised to do so as soon as she could get it written by her attorney, which promise was complied with by the delivery of the mortgage a few days later to Mrs. Palmer. Furthermore, that on the 6th day of November and before the beginning of the trial of the action for damages brought by appellant against Mrs. Ford, which occurred on that day, they, Mrs. Ford and Mrs. Palmer, acting upon the advice of their counsel, who had no knowledge of the previous mortgage executed as of April 15th, 1916, by Mrs. Ford to Mrs. Palmer, had him to prepare another mortgage from the former to the latter, which he at once did, and this mortgage was duly acknowledged before a notary public. The affirmative matter of the answer of Mrs. Palmer was controverted by reply. The writing of April 15th, 1916, is as follows:

"To secure Mrs. Elbridge Palmer against loss because of her signatures on 'notes,' bankable, which were given to Dubois-Ashcraft Motor Company for a 1916 Dodge car, in full payment thereof, I hereby mortgage and convey said Dodge car to Mrs. Elbridge Palmer until such time as all the notes are paid. Dated at Paducah, Kentucky, this 15th day of April, 1916.

(Signed) "Margaret Ford.

"Signed, sealed and delivered in the presence of Alice L. Compton, Frances Gould and Margaret Strassburg."

The writing of November 6th, 1916, is in the following language:

"Whereas on April 15th, 1916, I executed a certain number of notes aggregating eight hundred and fifteen dollars ($815.00) to Dubois-Ashcraft Motor Car Company for one automobile—Dodge 1916 model—and whereas Mrs. Elbridge Palmer signed my notes to said

company as surety, now for the purpose of securing Mrs. Palmer against loss by reason of said suretyship I hereby mortgage, sell and convey said aforesaid car to Mrs. Palmer—to have and to hold—provided, however, that if I shall pay said notes at the maturity of each and shall finally pay all of same then this mortgage is to be null and void, otherwise remain in full force and effect. This November 6th, 1916.

(Signed) "MARGARET FORD."

"State of Kentucky, }
County of McCracken. } Sct.

"I, Teresa Boike, a notary public in and for the county and state aforesaid, do certify that the foregoing mortgage from Margaret Ford to Mrs. Elbridge Palmer, was on this day produced to and was before me in my county signed and acknowledged by said Margaret Ford to be her act and deed, all in due form of law, and which I certify to proper office for record.

"My commission as notary public expires 13th day of January, 1918.

"This November 6, 1916.

(Signed) "TERESA BOIKE,
Notary Public."

Upon the issues made by the pleadings as stated, the parties took proof, the only evidence appearing in the record being furnished by the depositions of the appellee, Mrs. Elbridge Palmer, and her attorney, W. A. Berry. Upon its submission the case was tried by the court without the intervention of a jury and it was adjudged that the attachment of the appellant, Clark, which was levied upon the automobile in question created a lien thereon in her favor, but that the appellee, Mrs. Elbridge Palmer, by virtue of the instrument of writing, of date April 15th, 1916, and that of November 6th, executed to her by Mrs. Margaret Ford, had a lien on the automobile superior to that of appellant, and the sheriff of McCracken county was ordered to sell the automobile as required in sales of personal property under execution, after having it duly appraised; that he should take a bond from the purchaser with good security, payable to himself, for the purchase price, and, upon the maturity of the bond, collect same and from the proceeds pay to Chas. E. Jennings, present holder in due course of the remainder of the notes exe-

cuted by Mrs. Ford for the automobile, all having matured, the balance of $475.00 due thereon, with interest as specified in the notes; and that from such balance, if any, as may be left after the payment of the notes to Jennings, the sheriff pay to the appellant, Mrs. Clark, in satisfaction of the lien in her favor created by the levy of her attachment. The appellee, Palmer, was given judgment against the appellant, Clark, for her costs expended in the action, for which execution was awarded. Finally the sheriff was directed to make report of the manner in which he performed the duties required of him. From the judgment entered in conformity to the above rulings of the court, Mrs. Clark prosecutes this appeal.

The following facts appear to be established by the evidence and are uncontradicted:

(1) That the use of the automobile in question by Mrs. Ford was necessary in the performance of the work required of her as an employe of the charitable society.

(2) That she could not have purchased the automobile without Mrs. Palmer becoming her surety on the several notes given by her for the purchase price.

(3) That Mrs. Palmer was induced to sign the notes as surety upon the promise of Mrs. Ford that she would indemnify her against loss on account of such suretyship, by executing to her the mortgage on the automobile, and but for such promise on the part of Mrs. Ford, she would not have done so.

(4) That the instrument of date April 15th, 1916, and that of November 6th, 1916, were executed by Mrs. Ford to Mrs. Palmer in pursuance of the undertaking of the former made when the latter agreed to sign the notes, to thereby indemnify her against loss as surety thereon; and that the instrument of November 6th, 1916, was executed upon the advice of the attorney of the parties and because he did not then know of the existence of the instrument of April 15th, 1916.

(5) That neither Mrs. Ford nor Mrs. Palmer at the time of the execution of either of these instruments intended to practice a fraud upon the appellant or any creditor of Mrs. Ford, but only to carry out the agreement of Mrs. Ford, made before the notes were executed and also before she was sued by appellant, to

prevent loss to Mrs. Palmer by reason of her suretyship on the notes executed for the automobile.

(6)   That the existence of the mortgage was known to appellant when she brought this action and before her attachment was issued.

If the writing of November 6th, 1916, had been the only one executed by Mrs. Ford to Mrs. Palmer, its execution on the eve of the trial of the damage suit brought by the appellant against Mrs. Ford, would have given color to the contention of appellant's counsel that it was intended to prevent the collection of such judgment as appellant might recover against her in that action. But the circumstances attending its execution render the conclusion indulged by counsel illogical. Nor is there any force in the argument of counsel that the failure to record these instruments, of itself, rendered them invalid as to the appellant, or as to the mortgagee, Mrs. Palmer. Appellant cannot take advantage of the fact that neither of the instruments has been recorded as she is not a subsequent purchaser, for value, of the mortgaged property. Nor can it be claimed that its ownership by Mrs. Ford was in any sense a means of her being given credit for any purpose by appellant. But as against Mrs. Ford the appellee, Mrs. Palmer, acquired an equitable lien and to that extent an interest in the property mortgaged, which Mrs. Ford as the owner of the legal title had the right to convey her; and the lien thus conveyed was not a fraudulent preference and is superior to the equity subsequently acquired by appellant through the levy of her attachment. Straeffer v. Rodman, 146 Ky. 1.

In our opinion, the writing bearing date April 15th, 1916, is of itself sufficient to give the appellee, Mrs. Palmer, the lien here asserted by her. Nor do we think it open to the objections made to its sufficiency by appellant's counsel. While awkwardly expressed, its language sufficiently explains its meaning as well as the object for which it was executed. It shows that the notes upon which Mrs. Palmer became surety were the notes, and all of them, executed by Mrs. Ford as principal for the automobile, and that they were executed to the Dubois-Ashcraft Motor Company, the vendor of the machine. The automobile, like the notes, is sufficiently identified by the writing as it is shown to be the "Dodge" machine of 1916 model. Although the writing was not in fact executed until a few days subsequent

to the date it bears, it was given in pursuance of an agreement between the parties thereto that it was to be executed and delivered when the notes were signed by Mrs. Palmer as surety; and in any event its execution and delivery antedated by several months the institution of the damage suit in which the judgment was on November 6th, 1916, recovered against the mortgagor by the appellant.

There is no evidence in the record tending to show that at the time of signing the notes as surety or of the delivery to her of the writing dated April 15th, 1916, Mrs. Palmer knew appellant's action against Mrs. Ford for damages would be instituted July 14th following or at all. Leaving out of consideration the mortgage of November 6th, 1916, it is only necessary to rest the right of the appellee, Mrs. Palmer, to the relief claimed by her in this case upon the writing of date April 15th, 1916, and if appellant had even been adjudged a sale of the automobile under the levy of her attachment, and had not received notice of the mortgage before her attachment issued, Mrs. Palmer could, by giving her notice at any time before the sale, have arrested it and enforced her lien acquired by that writing in preference to the lien acquired by the levy of the attachment.

In Baldwin & Co. v. Crowe, &c., 86 Ky. 679, we held that "deeds of trust and mortgages, though unrecorded, are valid against purchasers and creditors with notice. Therefore, the holder of an unrecorded mortgage upon personal property upon which another creditor of the mortgagor has, subsequent to the execution of the mortgage, levied his execution, may, at any time before the sale under the execution, give notice to the execution creditor of his mortgage and arrest the sale and enforce his mortgage lien in preference to the lien acquired by the levy of the execution."

To the same effect is the opinion in the case of Clift v. Williams, &c., 105 Ky. 559. The rule announced in the cases, supra, must control here and was properly applied by the circuit court in its decision of this case.

Wherefore, the judgment is affirmed.