## American National Bank v. John Van Range Company, et al.

(Decided December 15, 1925.)

### Appeal from Warren Circuit Court.

1. Frauds, Statute of—Mortgage Lien on Restaurant Fixtures Held Invalid for Uncertainty of Description.—A recorded mortgage lien on restaurant property, which did not specify, except in general

way, property covered by lien, nor describe property nor locate
it, held invalid for uncertainty and indefiniteness of description
failing to comply with statute.

2.    Frauds, Statute of—Parol Evidence Not Admissible to Cure Inde-
finiteness in Description of Mortgage.—Where description in chat-
tel mortgage is so incorrect, vague, and indefinite as to render
identity of property covered wholly uncertain, the mortgage is
void, and parol evidence will not be admitted to cure it.

3.    Attachment—Attachment by Sheriff of Restaurant Fixtures which
he Delivered to Manager to Hold Valid.—Where sheriff levied at-
tachment on restaurant property, and put it in charge of the
manager of the restaurant to hold for him under the attachment,
lien of attachment held not invalid because of failure of sheriff
to take and retain possession.

SIMS & SIMS for appellant.

CHANEY & DIXON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Revers-
ing.

This controversy is between an attaching creditor
and a mortgage lien creditor of one P. J. Loftis, who
owned and operated a restaurant in Bowling Green. Part
of his kitchen equipment was purchased by Loftis from
appellee, the John Van Range Company, by making a
cash payment and executing a contract with the com-
pany, providing "until built and final payment has been
made, in accordance with the terms of this contract, the
title and right of possession to all property furnished
under this contract, whether erected or not, shall remain
in the John Van Range Company, and any payment made
on account of this contract shall, in case of default of
payment, be deemed to be for the use and wear of said
property."

This contract, signed by the John Van Range Com-
pany and accepted by P. J. Loftis, was duly recorded in
the office of the clerk of the Warren county court, but it
does not specify, except in a general way, the property
covered by the lien, nor describe it so as to locate the
property in lien, or to definitely fix the property subject
to the lien.    The writing is in the form of a proposal
made by the company to Loftis and begins: "We propose
to furnish equipment according to our specification dated
February 3, 1921, for the net sum of $3,171.02;" then fol-
lows the terms of the contract, in substance, that the writ-
ing does not include any steam fitting, valves, traps or

faucets necessary in making the connections, and further providing that Loftis shall furnish necessary flues of sufficient capacity to operate the fixtures, and furnish free of charge the necessary light and elevator service in the installation of the fixtures. The contract also provides that "after the measurements have been taken for the fixtures, no obstructions of any character whatever shall be placed upon the walls, ceilings or floors so as to interfere with the installation of the fixtures." Provision is also made for contingencies such as fires, floods, strikes, riots, etc. The concluding clauses of the contract relate to the deferred payments due upon the equipment, but nowhere in the contract is there a description of the property mortgaged, the general terms "equipments" and "fixtures" being alone employed. The specifications which accompanied the contract from which we have copied were not recorded with the lien and are not now before the court. It, therefore, appears that the mortgage lien, if such it may be called, was too vague and uncertain to identify with reasonable clearness the property mortgaged, and to comply with the requirements of the statute of frauds. It is axiomatic that a deed or mortgage must contain such a certain and definite description of the property encumbered as to make it the subject of the charge created. 19 R. C. L. 287. Of course the description may be made certain by reference to other papers or maps, but in the absence of such additional papers or maps the mortgage itself must contain a description sufficient to identify the property, or sufficient to enable the court by the aid of extrinsic evidence to identify the property intended to be covered by the mortgage. It is said that parol evidence is admissible to explain a mistake in the description; but if the description is so incorrect, vague and indefinite as to render the identity wholly uncertain, the mortgage is void and parol evidence will not be admitted to cure it. 19 R. C. L. 289; note, 37 Am. St. Rep. 267; Hall v. Cotton, 167 Ky. 464.

Appellant bank also insists that the pretended mortgage lien of appellee company is invalid because the recorded instrument was not signed by the party to be charged, and was not acknowledged in the manner required by our statutes to entitle it to be recorded and to make it import constructive notice to other creditors; but inasmuch as appellee relies upon the recorded instrument for its lien and that instrument is too indefinite, uncertain and vague to identify the property in question, even with the aid of extrinsic evidence, it becomes unnecessary

to discuss that phase of the case. Appellee insists that appellant's attachment lien was also invalid because the sheriff did not take the attached property into his possession and retain it. The return of the officer as well as the evidence introduced on the hearing tends to show that the sheriff levied the attachment upon the property of Loftis, at the restaurant, and then put the same in charge of one Davis, who was then in charge of the restaurant, to hold for the sheriff under the attachment. This was permissible and did not invalidate the attachment or release the property. McBurnie v. Overstreet, 8 Ben Mon. 300; Howell, et al. v. Commercial Bank, 5 Bush 93.

The trial court should have adjudged the lien of appellant company invalid because of the indefiniteness of the alleged recorded mortgage lien, and have sustained appellant bank's attachment lien and awarded it a lien on the funds then in court unappropriated to be first applied to the discharge of the bank's debt. For the reasons indicated the motion for appeal is sustained, appeal granted and the judgment reversed, with directions to enter a judgment in conformity to this opinion.

Judgment reversed.