## Herold Motor Car Company v. Commonwealth.

## Bonnell v. Commonwealth.

(Decided November 9, 1926.)

### Appeals from Boone Circuit Court.

1. Contracts.—Contract made in another state will not be enforced if it is against good morals and contravenes public policy.

2.   Chattel Mortgages.—Chattel mortgage securing portion of unpaid purchase price or loan made in another state will be enforced in this state to which property was subsequently removed.

3.   Chattel Mortgages.—State may require chattel mortgages on property brought within jurisdiction to be recorded as condition precedent to recognition of their validity.

4.   Intoxicating Liquors.—Confiscation of property under Kentuckv Statutes, Supp. 1926, section 2554a-12, for use in transporting intoxicating liquor does not destroy lien of valid chattel mortgage thereon recorded in another state.

5.   Intoxicating Liquors.—Petitions of chattel mortgagees claiming property forfeited under Kentucky Statutes, Supp. 1926, section 2554a-12, for use in transporting intoxicating liquor, held sufficient on demurrers.

S. W. TOLIN for appellants.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, JOHN J. HOWE and B. H. RILEY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

These two appeals involving the same question were heard together and will be considered in one opinion.

Section 2554a-12, Ky. Stats. Supp, 1926, is, in part, as follows:

"When any peace officer of the law shall discover any person or persons in the act of illegally possessing or transporting, in violation of this act, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize at once any and all intoxicating liquors found therein being transported contrary to this act or illegally possessed; and to seize said wagon, buggy, automobile, water or air craft, or other vehicle and team, boat or any other conveyance, and he shall arrest any person or persons in charge thereof. The court upon conviction of the person so arrested shall order the liquor destroyed and shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure and costs of sale, shall pay all valid recorded liens according to priorities, which are established by intervention at any hearing therefor, as being *bona fide;* but the burden of establishing that

the property was being used without knowledge, consent or approval of the lienor or owner of the property shall be upon the lienor or owner of the property."

In the first case the facts are these: The Herold Motor Car Company is a corporation organized under the laws of the state of Ohio, with its principal place of business in Cincinnati, Hamilton county, Ohio. On June 15, 1925, Thomas Newcomb purchased from the Herold Motor Car Company a Reo truck. At the same time he executed his promissory note for $582.00, which was secured by a chattel mortgage on the truck, and which was recorded in Hamilton county. Thereafter Newcomb brought the truck into this state and used it in transporting liquor, for which offense he was arrested, tried and convicted, and the court ordered the truck forfeited to the Commonwealth. By appropriate proceedings the Herold Motor Car Company intervened, and set up its lien and alleged, in substance, that the truck was not taken to Kentucky with its knowledge or consent, and that it did not know of or consent to its use in transportation of liquor.

In the second case the facts are these: In February, 1925, George H. Bonnell, trading and doing business as the Madisonville Auto Sales and Service Company, in Hamilton county, Ohio, sold and delivered to Thomas Newcomb, a resident of Cincinnati, a Buick roadster. As part of the purchase price Newcomb executed a promissory note and chattel mortgage, which was duly recorded in the office of the recorder of Hamilton county, Ohio. Soon thereafter Newcomb was arrested, tried and convicted in this state for transporting liquor, and the court ordered the Buick roadster forfeited to the Commonwealth. Thereupon Bonnell filed an intervening petition setting up his lien and making substantially the same averments as were contained in the intervening petition in the case above referred to.

In each case the Commonwealth's demurrer to the intervening petition was sustained, and the petitioner having declined to plead further the petition was dismissed. The automobile involved in each case was then ordered sold and the sheriff was directed, after payment of the costs, to turn the proceeds over to the trustee of the jury fund for the benefit of the Commonwealth.

It is true that the enforcement of a contract made in another state is a matter of mere comity and will not be decreed where the contract is against good morals, or contravenes the public policy of the state where it is sought to be enforced. Clearly, there is nothing in the taking of a chattel mortgage to secure a portion of the purchase price of the chattel or a loan on the chattel that offends against good morals. Indeed this question as well as the question whether the enforcement of a chattel mortgage made in another state contravenes the public policy of the state is foreclosed by the decision in Cable Piano Co. v. Lewis, Jr., 195 Ky. 666, 243 S. W. 924, where we held that a duly executed and recorded chattel mortgage at the legal situs of the mortgaged property in another state will be given the same effect in this state, to which the property was subsequently removed, as is given to it at the place where it was executed, if the property was removed without the consent of the mortgagee, but declined to pass on the question whether a like effect would be given if the mortgagee consented to the removal of the property. It is true that a state may by appropriate legislation decline to observe the rule of comity and may require all mortgages of personal property brought within its jurisdiction to be recorded as a condition precedent to the recognition of their validity. Cable Piano Co. v. Lewis, Jr., *supra,* and the only question for consideration is whether the legislature of Kentucky has so provided. The language of the statute is, "shall pay all valid recorded liens according to priorities." There is nothing in this language that confines such liens to those that are recorded in this state. On the contrary, the language is comprehensive and embraces all valid recorded liens, regardless of where they may be recorded. In view of this language we are not inclined to hold that the legislature intended that the Commonwealth, which merely steps into the shoes of the owner and acquires title subject to the rights of others, should be placed in a better position than a citizen of this state, who, relying upon the apparent ownership of the seller, pays a valuable consideration for the machine.

The statute prescribes as an additional prerequisite to a recovery by a lienor that he shall assume the burden of establishing that the property was being used without his knowledge, consent or approval, and we regard

the allegations of the intervening petitions as sufficient on this point.

From these considerations it follows that the court erred in sustaining the demurrers to the intervening petitions.

Wherefore, the judgment in each case is reversed and cause remanded for proceedings not inconsistent with this opinion.