## Hauseman Motor Company, et al. v. Napierella.

(Decided March 6, 1928.)

### Appeal from Henry Circuit Court.

1. Chattel Mortgages.—Properly prepared chattel mortgage, duly executed and recorded in clerk's office of county of residence of owner, operates as constructive notice of contents of the instrument in all other counties in the state to which the property may be taken.

2. Chattel Mortgages.—Chattel mortgage of "1 service truck 3½ tons, 1 Paige truck 2 tons," without further description of the trucks, held void for uncertainty in description, so that superior title was gained by purchase of one truck on subsequent execution sale and by purchase of the other on enforcement of subsequently obtained garageman's lien under Ky. Stats., secs. 2739h1, 2739h2 (Acts 1918, c. 75).

3. Chattel Mortgages.—A description of the subject-matter in a chattel mortgage, which, assisted by external evidence which does not add to or contradict the terms of the contract, will enable a third person to identify the property mortgaged, is sufficient.

W. B. MOODY, KENDRICK LEWIS and BENEDICT ELDER for appellants.

TURNER & TURNER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This record presents for determination three conflicting claims to the priority of the respective rights of claimants in two motor trucks, or the proceeds thereof. The Hauseman Motor Company asserts title to a service truck by virtue of a purchase thereof at an execution sale made on June 21, 1925, by the sheriff of Jefferson county. Peter Andriott & Sons claim a Paige truck under pro-

ceedings pursuant to Kentucky Statutes, secs. 2739h1 and 2739h2, being the Act of March, 1918, (chapter 75, Acts of 1918, p. 389), which provides a lien on motor vehicles for services, accessories, or supplies furnished by garages, mechanics, repairmen, or other persons or corporations. The Paige truck was left by the owner's agent with Andriott & Sons on November 20, 1925, for repairs, and was retained in custody and later sold for the garage bill, under the authority of the statute, supra, and purchased by the claimants.

A. M. Napierella predicates his right to a superior lien on both trucks upon a chattel mortgage given to him on July 23, 1923, by the owner, Geo. L. Geotz, duly acknowledged, and recorded two days later in the clerk's office of Henry county, Ky., where the trucks were, and where the owner then resided. The circuit court enforced the mortgage of Napierella, and the Hauseman Motor Company and Peter Andriott & Sons appeal, insisting that the chattel mortgage of Napierella was invalid as to each of them because of the defective and insufficient description of the property attempted to be mortgaged.

There is some contention that the appellants each had actual notice of the chattel mortgage, but the evidence does not sustain that claim as to either appellant.

It is well settled that a properly prepared chattel mortgage, duly executed and recorded in the clerk's office of the county of the residence of the owner, which is the legal situs of the mortgaged property, operates as constructive notice of the contents of the instrument in all other counties of the commonwealth, and is binding wherever the property may be taken. Hutchinson et al. v. Ford, 9 Bush, 318, 15 Am. Rep. 711; Burbank, etc., v. Bobbitt, 157 Ky. 524, 163 S. W. 457; Cable Piano Co. v. Lewis, 195 Ky. 666, 243 S. W. 924; Fry Bros. v. Theobold, 205 Ky. 146, 265 S. W. 498; Herold Motor Co. v. Commonwealth, 216 Ky. 335, 287 S. W. 939.

This court has held, in a case decided since the briefs in the present case were prepared, that a chattel mortgage on an automobile, properly prepared, executed and recorded, confers a lien superior to the statutory lien created by sections 2739h1 and 2739h2, Kentucky Statutes, for work done and accessories furnished on the mortgaged car at the instance of the mortgagor. Indiana Truck Corp. of Kentucky v. Hurry Up Broadway Co., 222 Ky. 521, 1 S. W. (2d) 990, decided January 10, 1928.

It is therefore obvious that the circuit court correctly decided this case, if the chattel mortgage of appellee was a valid instrument as to the appellants.  The only ground of invalidity urged against the mortgage is that the description of the property mortgaged is so defective that it does not afford constructive notice of the lien asserted.

The mortgage, omitting the certificates of acknowledgment and of recordation, is as follows:

"Mortgage

"This indenture, made and entered into, this the 23rd day of July, 1923, between George Geotz, of the first part, and A. M. Napierella of the second part, witnesseth:  That the said party of the first part, in consideration of one dollar in hand paid, and the further consideration hereinafter expressed, do hereby sell, grant and convey to the second party heirs and assigns the following described property, viz:  1 service truck 3½ tons, 1 Paige truck 2 tons.

"To have and to hold the same, with appurtenance unto party of the second part, heirs and assigns forever, with covenant of 'general warranty.'

"Provided, however, that this writing shall operate as a mortgage to secure the second party in the payment of $1,600 evidenced by a note of even date and tenor herewith, and made due and payable six months after date 19 and bearing interest at the rate of 6 per cent. from maturity until paid.

"Now, when said note and all accrued interests have been paid this writing shall be null and void, else remain in full force and effect.

"Witness the hand of the first party date first written.          "George L. Goetz.   (Seal.)

It will be observed that the instrument does not show the residence of either of the parties to it, nor the ownership of the property attempted to be mortgaged, except such implication of ownership as may arise from the mere giving of the mortgage.  11 C. J. p. 466, sec. 90. Neither the location of the property nor the source of title is mentioned; and no means of identification of either truck is afforded by the document.  The sole description of  the property mortgaged is  "one service truck, 3½ tons," and "one Paige truck, two tons," and there is nothing elsewhere in the instrument to help out the vague and indefinite designation.

It is clear that as to innocent third parties such a description is void for uncertainty in that it does not identify, or afford the means of identification, of the particular property that is the subject of the lien, as distinguished from other property of the same general description.

The doctrine of constructive notice from the record of an instrument properly recordable is that the information furnished thereby is available to all the world, and to every person is conclusively attributed such notice as could be derived from an actual reading of the recorded instrument. As stated by this court in Loeb v. Conley, 160 Ky. 91, 169 S. W. 575, Ann. Cas. 1916B, 49:

> "The constructive notice furnished by a recorded instrument, in so far as the boundary of the land and every other material fact recited therein is concerned, is equally as conclusive as would be actual notice acquired by a personal examination of the recorded instrument or actual notice acquired by or through other means. Every person must take notice of its contents to the same extent as if he had personal knowledge of every fact that it recites. This is the very purpose of our recording laws. Tiedman on Real Property, sec. 584; 39 Cyc. 1718."

The legal standard as to the sufficiency of a description in a mortgage of personal property, although less rigid, is substantially the same as is applied to conveyances of realty. American National Bank v. John Van Range Co., 211 Ky. 849, 278 S. W. 133; Goodin & Barney Coal Co. v. Southern Elkhorn Coal Co., 219 Ky. 827, 294 S. W. 792.

In Miller v. Daniel, 8 Ky. Law Rep. 329, the court said:

> "Those having claims against the mortagor or dealing with him were not under obligation to go to any other source than the mortgage for information."

In Pearce et al. v. Hall, 12 Bush, 209, the mortgage did not show the amount of the debt secured. The court said:

> "The spirit of our statutes upon this subject requires not only that such conveyances shall be lodged for record, but that they shall show for themselves, and without the aid of extrinsic evidence to be ob-

tained by inquiry, the nature of the lien, and with a reasonable degree of certainty the amount of the debts they are intended to secure. If the amount be ascertained, as in this case, it ought to be stated. If it be not ascertained, then such descriptive facts as are within the knowledge of the parties, and as tend to put one interested in the inquiry upon the track leading to a discovery, ought to be set out.

"Unless this much is done the public record does not show the state of the title, and room is left for the substitution of fictitious and fraudulent claims, and the prime object of the recording system is subject to be defeated.

"But the appellees claim there is enough in the mortgage to put purchasers and creditors upon inquiry, and that in equity this amounts to notice. But it is not the notice contemplated by the statutes; and, as we have just seen, it cannot be so regarded by the courts without, in the main, subverting the obvious purposes for which they were enacted."

The court held that the mortgage was not good as against creditors of the mortgagor, and that case has been uniformly followed. Robinson v. Sharp, 32 S. W. 416, 761, 17 Ky. Law Rep. 736; Thompson v. Thompson, 29 S. W. 133, 16 Ky. Law Rep. 513; Cin. Leaf Tob. Warehouse v. Combs, 109 Ky. 28, 58 S. W. 420, 22 Ky. Law Rep. 523.

In Sparks v. Deposit Bank, 115 Ky. 461, 74 S. W. 185, 78 S. W. 171, 24 Ky. Law Rep. 2333, 25 Ky. Law Rep. 1481, a chattel mortgage on "36 head of yearling cattle on the farm of Leonard Drane, said farm being now occupied by said Dundon near Lair Station, Harrison county, Ky.," properly acknowledged and recorded, was held good. It appeared that there were in fact 44 head of cattle answering to the description contained in the mortgage. An innocent purchaser acquired 16 head of the cattle. The court concluded that the purchaser acquired good title to 8 head of the cattle, free of the mortgage lien, but that the remaining 8 head were subject thereto.

In Miller Supply Co. v. Louisa Waterworks, 128 Ky. 476, 108 S. W. 870, 33 Ky. Law Rep. 388, a chattel mortgage was involved which described the property as 1,438 feet of 8-inch spiral pipe, and 4,123 feet of 4-inch spiral pipe and 3,225 feet of 6-inch spiral pipe, together with the couplings and the fittings, and known as the material

pipes, couplings and fittings purchased of Miller Supply Company of Hunting, W. Va., and shipped from Adendroth & Root Manufacturing Company.  The court said:

"The mortgage is void for uncertainty, in that it does not locate the property as to state, county, or town, and contains no reference which would supply this important omission; but the mortgage would indicate that the property was possibly in Pikeville (where the mortgage stated the residence of the mortgagor to be).  Again, the mortgage covered so many feet of 'spiral pipe,' and there is no other description given of it.  There is nothing in the mortgage by which it could be identified and distinguished from the pipe of the American Spiral Pipe Works or the pipe of any other company.  See Am. & Eng. Ency. (2d Ed.) 957."

In Clark v. Ford, 179 Ky. 797, 201 S. W. 344, the mortgage was upon an automobile, Dodge, 1916 model, purchased from Dubois-Ashcraft Motor Company, on April 15, 1916, to whom the mortgagee had become surety for the mortgagor.  It appeared that the existence of the mortgage was known to Clark before the suit was brought, or the attachment issued, and the petition, in attacking the mortgage as fraudulent as to plaintiff's claim against Mrs. Ford, had identified the particular car as the one covered by the mortgage.  There was no discussion or decision necessary in that case as to the sufficiency of the description in the mortgage.

In the case of the American National Bank v. John Van Range Co. 211 Ky. 849, 278 S. W. 133, it appeared that a contract had been made by John Van Range Company with a restaurant owner in Bowling Green, Ky., to install certain furniture and fixtures, and to secure the company, a lien was retained thereon.  The contract was properly acknowledged and recorded.  It was held to confer no lien as against a creditor, the court saying:

"It is axiomatic that a deed or mortgage must contain such certain and definite description of the property encumbered as to make it the subject of the charge created.  19 R. C. L. 287.  Of course the description may be made certain by reference to other papers or maps, but in the absence of such additional papers or maps the mortgage itself must contain a description sufficient to identify the prop-

erty, or sufficient to enable the court, by the aid of extrinsic evidence, to identify the property intended to be covered by the mortgage. It is said that parol evidence is admissible to explain a mistake in the description, but if the description is so incorrect, vague, and indefinite as to render the identity wholly uncertain, the mortgage is void, and parol evidence will not be admitted to cure it. 19 R. C. L. 289; note 137 Am. St. Rep. 267; Hall v. Cotton, 167 Ky. 464, 180 S. W. 779; L. R. A. 1916C, 1124.''

In Boulware v. Pendleton, 6 Ky. Law Rep. 727, referring to Harding v. Coburn, 12 Metc. (Mass.) 338, 46 Am. Dec. 680, the court said:

"The question was fully considered in the latter case and the principle stated that if the description was such that evidence could make it reasonably certain what was intended this would be sufficient, as, no matter how particular the description might be, it might be necessary to hear evidence to identify the property, as if it was a bay horse, or a roan cow, or any other thing. But with a description which gives a starting point by place, location or kind we can readily see how the property can be made certain; but when all this is absent it would seem to widen the field to such an extent as to invite and encourage negligence and carelessness, and to offer a premium for looseness that the negligent might profit thereby. Parties should not be encouraged in practices which lead to such results, nor to embarrass the courts with contentions, which, by the exercise of the most ordinary prudence, could be avoided. Certainly the law as ruled in the cases cited is sufficiently broad and liberal to meet the necessities of the careless to an extent beyond which it is neither safe nor prudent to go.''

In Goodin & Barney Coal Co. v. Southern Elkhorn Coal Co., 219 Ky. 827, 294 S. W. 792, the court dealt with a vague description of some mine cars, but there the appellant knew of the lien and in his petition charged that the claimant's mortgage on the mine cars existed, and their identification was not involved in any uncertainty.

It will be seen from this review of the cases that the law is settled in this jurisdiction that omnibus or roving descriptions of personal property embraced in chattel

mortgages are too indefinite, general, and uncertain to furnish through constructive notice thereof to innocent third parties, identification or means of identification of the particular property intended to be placed in lien. They furnish neither guide nor protection to creditors, purchasers, or the general public concerning burdens on specific chattels, which are of a kind and character common and numerous and subject to frequent changes of ownership and possession. The object of a chattel mortgage is to convey specific property, and not to give a floating right of lien upon any property of the general character mentioned.

The extent of a mortgagee's right is to have a lien on the particular property mortgaged, as a security for his debt, and, if the description is so uncertain as to apply equally to any property of the kind described, there can be no identification of it without proving something not referred to in the mortgage or embraced by its terms, which is not allowable. It is essential that the instrument, to be sufficient, must itself contain some descriptive statement concerning the property which will serve to distinguish it from other kindred chattels. 11 Corpus Juris, sec. 77, p. 456.

A description, assisted by external evidence that does not add to or contradict the terms of the contract, which will enable a third party to identify the property, is sufficient. Such is the rule prevailing in this state. It accords with reason and the weight of authority. 5 R. C. L. p. 422, sec. 53, et seq.; 11 Corpus Juris, p. 457, and cases cited in note 34; Burroughs Adding Machine Co. v. Robertson (C. C. A.) 9 F. (2d) 619; National Cash Register Co. v. Marks (C. C. A.) 13 F. (2d) 628; Barrett v. Fisch, 76 Iowa, 553, 41 N. W. 310 (Annotated in 14 Am. St. Rep. 238); Huse v. Estabrooks, 67 Vt. 223, 31 A. 293, 48 Am. St. Rep. 810; Westinghouse Co. v. McGrath, 131, Iowa, 226, 108 N. W. 449, 117 Am. St. Rep. 421.

It results that the lower court erred in enforcing the mortgage on the two trucks involved as against the appellants, and the judgment will be reversed, with directions to dismiss the action as to them.

Judgment reversed for proceedings in conformity to this opinion.