## Bonnell v. Commonwealth.

(Decided March 23, 1928.)

### Appeal from Boone Circuit Court.

1. Intoxicating Liquors.—Where mortgagee claiming automobile ordered forfeited for use in transporting liquor alleged residence of mortgagor in order to prove valid lien required by Ky. Stats., Supp. 1926, sec. 2554a-12, and commonwealth joined issue as to such residence, claimant had burden of establishing residence as alleged.

2. Intoxicating Liquors.—Hearsay evidence held inadmissible to prove residence of mortgagor of automobile ordered forfeited for transporting liquor, as bearing on validity of lien.

S. W. TOLIN for appellant.

FRANK E. DAUGHERTY, Attorney General, JOHN J. HOWE and B. H. RILEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Thomas Newcomb, who had been transporting liquor in a Buick roadster, was convicted, and the court ordered the machine forfeited to the commonwealth. Thereupon George F. Bonnell, who had a chattel mortgage on the machine, intervened, and asserted a prior valid lien. A demurrer was sustained to the intervening petition, and the petition was dismissed. On appeal it was held that the allegations of the petition were sufficient to show a prior valid lien, and the judgment was reversed, with directions to overrule the demurrer to the intervening petition. Herold Motor Car Co. v. Commonwealth, 216 Ky. 335, 287 S. W. 939. On the return of the case evidence was heard, and the intervening petition was dismissed. From that judgment this appeal is prosecuted.

In view of the language of the statute, the burden was on appellant to allege and prove that he had a valid recorded lien. Section 2554a12, Kentucky Statutes, Baldwin's 1926 Supplement. To this end he alleged that Newcomb was a resident of Hamilton county, Ohio, and that the mortgage was there recorded. On the return of the case the commonwealth joined issue as to the residence of Newcomb. This placed the burden on appellant to establish Newcomb's residence in Hamilton county. Burbank & Burbank v. Bobbitt, 157 Ky. 524, 163 S. W. 457. On this question the evidence introduced by appellant was pure hearsay, and exceptions were sustained thereto. We have read and reread the evidence with great care, and, with the exception of the hearsay evidence, which was properly excluded by the trial court, there is no evidence tending to show that Newcomb was a resident of Hamilton county, Ohio, at the time the mortgage was executed. It follows that the trial court did not err in dismissing the intervening petition.

Judgment affirmed.