## Herold Motor Car Company v. Commonwealth.

(Decided May 18, 1928.)

(As Modified on Denial of Rehearing, October 26, 1928.)

### Appeal from Boone Circuit Court.

1. Appeal and Error.—The opinion rendered on first appeal held the law of the case on second appeal.

2.  Intoxicating Liquors.—In proceedings under Ky. Stats., sec. 2554a-12, for confiscation of a motortruck because of its having been used in liquor traffic, court erred in not enforcing lien of intervening petitioner, which was properly recorded in another state where truck was situated.

S. W. TOLIN for appellant.

FRANK E. DAUGHERTY, Attorney General, JOHN J. HOWE and B. H. RILEY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The commonwealth instituted these proceedings to forfeit and sell, pursuant to section 2554a-12 of the Statutes, a Reo truck owned by Thomas Newcomb and used by him in the illicit whisky traffic. The appellant intervened claiming a valid recorded lien against the truck and asserting its ignorance of Newcomb's use of the machine in the traffic mentioned. The commonwealth demurred to the intervening petition, and its demurrer was sustained. On appeal to this court, that judgment was reversed. Herold Motor Car Co. v. Commonwealth, 216 Ky. 335, 287 S. W. 939. We there held that if the facts stated in the petition were true, the chattel mortgage which Newcomb gave to the Herold Motor Car Company at the time he bought the truck and which created the lien herein sought to be enforced was properly recorded in Hamilton county, Ohio, and, if so, was valid against the claim of the commonwealth although the truck, after its purchase, had been removed by Newcomb to Kentucky. On the return of the case to the lower court, the commonwealth traversed the fact that Newcomb was a resident of Ohio at the time be bought the truck and gave the chattel mortgage on it, but did not traverse the fact that the truck was situated in that State at that time. It further traversed the allegations concerning the motor car company's ignorance of the use by Newcomb of the truck in the illicit whisky traffic and its lack of consent to the removal of the truck to Kentucky. After proof was taken on these issues, the case was again submitted, and the trial court again dismissed the intervening petition.

The evidence fully establishes the appellant's ignorance of Newcomb's use of the truck in the illicit whisky traffic and its lack of consent to the removal of the truck to Kentucky. We cannot say, however, that the lower court erred in holding that the evidence showed that

Newcomb at the time he bought this truck was a resident of Kentucky. There is no evidence, though, that appellant knew this.

The opinion in holding on the first appeal of this case that if the facts stated in the petition were true, the mortgage was validly recorded in Ohio, necessarily held that the validity of the recording of the mortgage depended on Newcomb's residence in the state of Ohio, or the presence of the property there at the time the mortgage was given. That opinion is, under familiar law, the law of this case on this second appeal. Although it is shown that Newcomb was not a resident of Ohio when the mortgage was given, it is not denied that the truck was situated there at that time, and, indeed, the proof affirmatively shows that fact. As the mortgage was properly recorded in Ohio if the property was located there although Newcomb was not a resident there, it follows that the appellant had a validly recorded lien which the trial court should have enforced in this case, since appellant by the proof showed that it came within the other provisions of section 2554a-12 of the Statutes.

The case of Bonnell v. Commonwealth, 223 Ky. 691, 4 S. W. (2d) 697, is not in conflict with these views, as the question of the validity of the recording of the mortgage there involved, because of the presence of the automobile in Ohio at the time such mortgage was recorded, was not called to the court's attention, nor was it discussed in the opinion. That case held, as does this, that the proof failed to sustain the residence of the mortgagor in Ohio at the time the mortgage in question was given, and that therefore, in so far as the validity of its recording turned on such residence, the contention of the commonwealth would have to be upheld. But the Bonnell case neither considered, discussed, nor decided, since the question was not brought to the court's attention, the point on which the present case is decided in favor of the mortgagee. If the mortgage here involved was validly recorded, as the first opinion in this case holds it was, if the facts alleged in the intervening answer are true, then such mortgage, as that opinion also holds, is superior to the claim of the commonwealth herein.

The judgment is therefore reversed, with instructions to enter a judgment for the appellant in accordance with the prayer of its intervening petition.