JOHN GARRETT v. LYMAN PATCHIN.

*Exemption of tools from attachment.*

Such farming tools as are used by hand and are convenient and useful, and are procured by a person who carries on farming to only a limited extent for his personal use, and are not extravagant, and such mechanical tools of a similar character as are indispensable for repairing farming implements, are such "suitable" tools "necessary for upholding life" as are by statute exempt from attachment and execution.

A shovel, spade, dungfork, three pitchforks, a scythe and snath, potatoe hook, hog hook, common axe, broad axe, adz, hatchet and five augers belonging to one whose principal occupation or trade was *shoemaking*, but who lived rather isolated and did his own mending or "tinkering" of sleds, ox-yokes, &c., *held* to be such suitable tools, &c., as were exempt from attachment.

TRESPASS. The defendant attached an iron shovel, spade, dungfork, three pitchforks, a scythe and snath, a potatoe hook, hog hook, common axe, broad axe, adz, hatchet and five augers belonging to the plaintiff, and all the articles of the kind which he owned, all which articles were worth ten dollars and thirty cents. It appeared that the plaintiff's principal occupation or trade was shoemaking, but that he lived rather isolated and did his own mending or "tinkering" of sleds, ox-yokes, &c. The only question presented was, whether the articles were or were not exempt

from attachment; and upon the foregoing facts the county court, June Term, 1856,— PIERPOINT, J., presiding,— decided that they were exempt, and rendered judgment in favor of the plaintiff for their value. Exceptions by the defendant.

*J. L. Stark*, for the defendant.

It does not appear that the specified articles were necessary for upholding life, or that they were ever used or intended for that purpose.

If it is claimed that these goods were exempt from the general law subjecting property to attachment and execution, it is for the plaintiff to prove the facts which make the exemption ; *Bourne* v. *Merritt*, 22 Vt. 431 ; *Pierce* v. *Gray*, Law Reporter, April, 1857, 700.

The court cannot intend it as a matter of law or fact from any-thing that is reported.

It appeared that the plaintiff was a shoemaker, and of course he would only be entitled to his kit.

*A. B. Gardner* and *U. M. Robinson*, for the plaintiff.

The case finds that although the principal occupation and trade of the plaintiff is shoemaking, yet he is not confined to that; he is rather a jack of all trades.

The exemption of tools is not to be confined to such as are necessarily used in carrying on a man's principal business or trade; such a restriction would defeat in a measure the benign intention of the legislature ; *Leavitt* v. *Metcalf*, 2 Vt. 342.

The statute should receive a liberal practical construction ; *Dow* v. *Smith*, 7 Vt. 465.

The opinion of the court was delivered by

REDFIELD, CH. J. The question here is whether certain farm-ing tools, as pitchforks, iron shovel, potatoe hook, scythe and snath, spade, dungfork and common axe ; and certain other tools, as adz, hatchet, broad axe, augurs, are exempt from attachment.

The statute is, that " such suitable apparel, bedding, tools, &c., as may be necessary for upholding life," shall be exempt from attachment and levy of execution. The term necessary in this

connection has been construed to mean convenient or useful, and that has been deemed convenient or useful which a man procures for his own personal use, unless extravagant. And ten dollars in all for tools of this character could not be esteemed such, if they are of the character to which the statute refers.

The word tools in this statute has long been held to extend to such farming tools as are used by hand, and to include hoes, axes, pitchforks, shovels, spades, scythes, snaths, cradles, dungforks, and other tools of that character. But it is not to include machinery, or implements used by oxen and horses, as carts, plows, harrows, mowers and reapers, &c. We think this is the sound and reasonable construction of the statute.

And we see no reason why one who carries on farming to any extent, as this plaintiff did, should not have an adz, broad axe, augers and such simple mechanic tools exempt from attachment as are indispensable for repairing farming implements, and which he procures for his own use, and which he in fact uses as much as a mechanic. He is or may be compelled to perform such mechanical work in order to get along with his ordinary farming operations, and if so he must have the tools, and should hold them exempt from levy of execution.

Judgment affirmed.