## LIBERTY NAT. BANK & TRUST CO. v. MILES.

Court of Appeals of Kentucky.

June 19, 1953.

Richardson & Barrickman, Glasgow, S. Russell Smith, Louisville, for appellant.

R. L. Garnett and J. R. White, Glasgow, for appellee.

CLAY, Commissioner.

This controversy involves whether or not appellant's chattel mortgage lien is superior to appellee's attachment lien. The trial court answered that question in the negative.

On February 1, 1950, in a suit on a promissory note, appellee procured a general order of attachment against the defendant in that suit, one J. B. Miles. This attachment was levied on certain property owned by Miles in Barren County, including "a 1949 Chrysler automobile". The property, including the automobile, was left in the possession of Miles as the agent of the sheriff.

On October 4 Miles executed a mortgage on the automobile to appellant. Appellant contends that the attachment lien is not effective against its claim based on the chattel mortgage because: (1) the description of the automobile in the sheriff's return is too indefinite; and (2) some sort of fraud was perpetrated on it by reason of the fact that the property with appellee's consent was left in the hands of Miles.

Section 217 of the Civil Code of Practice provides that the sheriff's return "must show the property attached". It seems clear that the description in an attachment return should describe the property in such a manner as will reasonably identify it or afford a means of identification. Appellant relies upon Hauseman Motor Company v. Napierella, 223 Ky. 433, 3 S.W.2d 1084. In that case it was held that the description of two vehicles in a chattel mortgage as "1 service truck 3½ tons, I Paige truck 2 tons" was not sufficiently definite to permit the mortgagee to enforce the mortgage against the purchaser of one of the trucks at an execution sale. However, in that case the significant considerations were that the mortgage did not state the residence of either party, nor the ownership of the property, nor its location or source of title. The attachment return in the present case does show the residence of Miles and the location of the property, and it is apparent from the return that Miles was the owner. As pointed out in the above case, an adequate description need not describe the property with utmost particularity, but it is sufficient if the facts shown would enable a third party, assisted by external evidence, to identify it. We believe the information given on the return was sufficiently definite to create a valid lien on Miles' automobile.

Appellant's second contention is that it was misled by reason of the fact that the automobile was left in the possession of Miles. Such a practice has been recognized as proper. Osborne v. Durbin, 301 Ky. 412, 192 S.W.2d 198. It is clear that this method of handling the property in the present case did not in any respect mislead appellant. In renewing a note which had been executed by Miles and taking the chattel mortgage on the automobile, appellant relied upon Miles' representation that he was the owner. The matter of possession played no part in the transaction.

We believe the court properly adjudged the attachment lien to be superior to appellant's mortgage lien. It is unnecessary to discuss other questions raised.

The judgment is affirmed.