## In the Matter of Willard Lee DRANE, Bankrupt.
### No. 25099.

United States District Court
W. D. Kentucky,
at Louisville.
Jan. 24, 1962.

Thomas C. Mapother, Mapother, Morgan & Stansbury, Louisville, Ky., for creditor.

SHELBOURNE, District Judge.

On December 16, 1960, the bankrupt executed a "Note and Security Agreement" by which he mortgaged to Popular Finance Corporation (hereinafter called the creditor) certain items of personal property. This "Note and Security Agreement" was duly recorded in the Jefferson County Court Clerk's office on December 27, 1960.

The mortgagor was adjudged a bankrupt in this Court on March 18, 1961. The creditor filed its proof of secured claim on April 7, 1961. The trustee, being of the opinion that no equity existed in favor of the bankrupt's estate in the property secured by the mortgage, renounced interest in all but the following chattels:

1—2 pc. living room suite, wine
1—5 pc. chrome dinette set, yellow
1—3 pc. panel bedroom suite, lime oak, matt. & spgs.

The creditor filed its motion for a rule against the trustee to show cause why he should not disclaim interest in the chattels listed above. The referee over-

ruled the motion on the ground that the description of the chattels was insufficient to put a member of the general public, other than one engaged in the furniture business, on notice of the existence of the lien. The creditor brings the referee's order before this Court on a petition for review.

The referee was of opinion that a member of the general public would not be able to determine what particular pieces of furniture composed the sets mentioned and held the description insufficient, stating:

> "A three piece bedroom suite could be twin beds and a dresser, or chest, or a bed, dresser or mirror, and a chest. A two piece living room suite could be a couch to be used only as such or a couch converted into a bed and a chair or overstuffed stool, or some item commonly used in a living room, and a five piece dinette, in addition to being a table and four chairs, could be a table, cabinet for dishes, or some other dining or breakfast room piece and three chairs."

The sole question on review is whether the description of this property in the "Note and Security Agreement" is a sufficient description under the law of Kentucky.

Relying on the authority of Hauseman Motor Co. v. Napierella, 223 Ky. 433, 3 S.W.2d 1084; General Motors Acceptance Corp. v. Sharp Motor Sales Co., 233 Ky. 290, 25 S.W.2d 405, and Hart County Deposit Bank v. Hatfield, 236 Ky. 725, 33 S.W.2d 660, the referee held that a description must be sufficiently definite to enable a member of the general public to identify the mortgaged property as contrasted with other similar property.

The creditor relies on the Uniform Commercial Code, particularly Section 9–110 (KRS 355.9–110) which provides:

> "For the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

The creditor insists that the description in the mortgage meets the test of the Uniform Commercial Code and also meets the test required by the Kentucky Court of Appeals before the adoption of the Code, as set forth in Liberty National Bank & Trust Co. v. Miles, Ky., 259 S.W.2d 474, and the cases relied on by the referee, supra. The creditor contends that a correct interpretation of these cases is that a general description of property is adequate if sufficiently intelligible to fix the lien; property need not be described with utmost particularity. A description is sufficient if the facts shown will enable a third party, assisted by external evidence to identify the property.

■ The general rule is stated in 10 Am.Jur. 753, Chattel Mortgages § 55:

> "In nearly all cases, however, resort must be had to other evidence than that furnished by the mortgage itself to enable third persons to identify mortgaged property, and generally where there is a description of the property mortgaged and the description is true, and by the aid of such description *and the surrounding circumstances* the third person would in the ordinary course of things know the property that was mortgaged, the description will be held to be sufficient." (Emphasis added.)

and in 14 C.J.S. Chattel Mortgages § 57 (3), pp. 660–662:

> "As against third persons the description in the mortgage must point out its subject matter so that such persons may identify the chattels covered, to the exclusion of all other like property. It is not essential, however, that the description be so specific that the property may be identified by it alone; *but it is sufficient if it suggests inquiries or means of identification which, if pursued, will disclose the property conveyed.* This rule is based on the maxim, That is certain, which is capable of being made certain. So,

a description is sufficient if it may be aided by parol proof and the property covered by the mortgage identified." (Emphasis added.)

 Fifty-nine years ago, in Sparks v. Deposit Bank of Paris, 115 Ky. 461, 74 S.W. 185, 78 S.W. 171, the Kentucky Court of Appeals set forth the rule concerning the sufficiency of the description of mortgaged chattels:

"The description need not be such as would enable a stranger to select the property. A description which will aid third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient."

The court's opinion was modified on rehearing but this principle remained unchanged. The court said:

"The original opinion holds, and is fully sustained by all the textwriters and cases, that the mortgage need not of itself identify the mortgaged property. It is enough if it puts the purchaser on inquiry which, if reasonably pursued, will result in his obtaining the exact information as to what property the mortgage incumbers."

The cases of Hauseman Motor Co. v. Napierella, supra, and Hart County Deposit Bank v. Hatfield, supra, relied upon by the referee in this case, both involved mortgages in which the address of the mortgagor was not stated. The general rule as to the importance of this information is stated in 10 Am.Jur. 756, 7, Chattel Mortgages § 63:

"A statement as to the location of the chattels is one of the most important elements in the description. Other details without this element often amount to little or nothing, whereas its presence with other slight details often makes easy the ascertainment of the property meant to be designated and may make sufficient a description which otherwise would be insufficient. There should be a designation of the property conveyed and of the place where it may be found."

In the "Note and Security Agreement" here the address of the mortgagor is stated and the mortgage provides that the chattels "will be kept at the debtor's address above and not moved without the written consent of the secured party."

The Napierella and Hatfield cases discuss the question of the sufficiency of description, and the concluding portion of the Napierella opinion reiterates the rule of the Kentucky Court of Appeals laid down in 1903 in Sparks v. Deposit Bank of Paris, supra, at page 440 of 223 Ky., at page 1087 of 3 S.W.2d:

"A description, assisted by external evidence that does not add to or contradict the terms of the contract, which will enable a third party to identify the property, is sufficient. Such is the rule prevailing in this state."

The referee relies upon General Motors Acceptance Corp. v. Sharp Motor Sales Co., supra, to support his holding that the description must enable the public in general to identify the mortgaged property. It is stated in that opinion:

"It is insisted, nevertheless, that the property stored must be described in the warehouse receipt with the same particularity that is required in a chattel mortgage. The description of the property in a chattel mortgage must be sufficiently definite and certain to enable the public in general to identify the property. Hauseman Motor Co. v. Napierella, * * *."

The instrument involved in Sharp Motor Sales Co., supra was a warehouse receipt. Possession of the chattel in transactions evidenced by warehouse receipts is in the warehouseman, while possession is in the mortgagor in mortgage transactions. In that case the court observed the distinction between the two instruments, saying:

"Obviously a different rule obtains as to the description necessary in a warehouse receipt. The latter is sufficient when it identifies the property in the warehouse, or furnishes

sufficient data for the warehouseman to ascertain and deliver the property represented by the receipt. * * * The distinction is a sound one based upon the essential differences in the character of the two transactions, the purposes to be subserved, and the persons to be protected."

In Liberty National Bank & Trust Co. v. Miles, supra, referring to its opinion in the Napierella case, the Kentucky Court said:

"As pointed out in the above case, an adequate description need not describe the property with utmost particularity, but it is sufficient if the facts shown would enable a third party, *assisted by external evidence,* to identify it." (Emphasis added.)

In the Napierella case the court had characterized as sufficient a description, assisted by external evidence that does not add to or contradict the terms of the contract, which will enable a third party to identify the property.

Guided by this rule, a third party would have had little difficulty in identifying the two-piece wine living room suite, whether comprised of a divan or davenport and a chair or two chairs. It would have been equally easy to identify the yellow dinette set, whether it consisted of a table and four chairs or a table, a sideboard, and fewer chairs. The same "external evidence" would have identified the lime oak panel bedroom suite, mattress, and springs. The location of the property at the address of the mortgagors and in their possession furnished reference to "external evidence" of identification.

While this Court is not in accord with the modern usage of highly abbreviated descriptions of property in mortgages of this type, the description of the property in the mortgage here involved is considered sufficient. It would hardly be doubted that one interested in or affected by the identity of the property would have little concern deciding whether the bankrupt owned more than one wine-colored living room suite, one yellow dinette set, or one lime oak bedroom suite.

As stated in 14 C.J.S. Chattel Mortgages § 59, p. 668:

"The scarcity or plentitude of chattels similar to those mortgaged is an element to be considered in determining the sufficiency of the descriptions of the chattels covered by the mortgage, and the nonexistence of other property to which the terms of the mortgage could apply frequently renders valid a description in a mortgage which otherwise would be indefinite."

The rule governing the problem posed here is perhaps a bit variable and each case may have certain convincing language of description and "external evidence." As long ago as 1885, in Boulware's Adm'r v. Pendleton, 6 Ky.Law Rep. 727, 731, Kentucky's Court of Appeals announced the proper rule to be "sufficiently broad and liberal to meet the necessities of the careless to an extent beyond which it is neither safe nor prudent to go."

An appropriate order is this day entered in which the petition to review the referee's order is sustained, the order is set aside, and the mortgage lien is adjudged valid.