**In the Matter of Bernard Joseph ANSELM and Helen Lucille Anselm.**

**Nos. P-5720, P-5721.**

United States District Court,
W. D. Kentucky,
Paducah Division.

Feb. 28, 1972.

E. Palmer James, Paducah, Ky., for plaintiff.

## OPINION

ALLEN, District Judge.

Jackson Purchase Production Credit Association, hereinafter referred to as PCA, seeks to review the Referee in Bankruptcy's order of December 29, 1971, denying its claim to certain monies generated by the Trustee's disposal of farm equipment, sold free of liens with liens to attach to the proceeds of the items sold.

The issue to be decided is did PCA have a perfected lien as against the Trustee on the equipment which was sold. The Referee concluded it did not.

On December 9, 1968, PCA filed with the Livingston County Court Clerk a security agreement executed by it and by the bankrupt to be treated as a financing statement, which in its description of the secured property read: "All farm machinery and equipment, including but not limited to tractors, tanks, tilling and harvesting tools." Paragraph 7 of the agreement provided for "All property similar to that listed above, which at any time may be hereafter acquired by the Debtor(s) . . . ."

The equipment alleged to be covered by this security agreement and financing statement is as follows:

| | |
|---|---|
| 2 Speed Feeders | Spray Rig |
| 8 Disc Hillers | Cylinder |
| S. T. Planter Parts | Boomer (On 1800 Oliver) |
| Fender—Misc. | (Tractor IHC 450:Cultivator) |
| Truck bed | (4-Bottom Breaker) |
| Tractor Warmer (Oliver) | Breaker for Massy Ferguson |
| Grain Bed (Anthony) | Tractor Super "C" Cultivator |
| J. D. Fertilizer Dist. | Grain Trailer |
| J. D. Rotary Mower | Grain Trailer |
| Soil Surgeon | Wheels Aple. Chev. Viking Truck |
| Disc Offset | Box & Contents |
| Sprayer & Trailer | Box & Contents |

The Referee in Bankruptcy held that the security agreements of PCA were insufficient for lack of proper identification of the equipment affected, at least in Kentucky. He relied in his opinion upon the case of Mammoth Cave Production Credit Association v. York, 429 S.W.2d 26 (Ky. 1968). In that case the description in the security agreement filed by PCA was as follows:

"All farm equipment and all property similar to that listed above."

Judge Osborne, writing the opinion for the Court of Appeals, held that the description was too vague and indefinite and that it is doubtful that it reasonably identified what it described. Judge Osborne stated further that the description could include anything from a screwdriver or a garden hoe to the largest machinery and that it seemed doubtful

that it was really agreed that tractors and other large equipment were to be security for the loan.

■ The Referee in Bankruptcy correctly pointed out that he was required to follow the substantive law of Kentucky in determining whether or not there was a valid lien in favor of PCA even though that law might represent a minority view interpretation of the Uniform Commercial Code. See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188, 9 Am.Jur. 2d, Bankruptcy, § 962, page 720.

KRS 355.9–402 states in part:

"A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items of collateral."

KRS 355.9–110 provides as follows:

"For the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

In the case of In re Lehner, 303 F. Supp. 317 (D.C.Colo., 1969), petitioner made a loan to the bankrupt which was secured by a tapedeck and speaker and a 21 inch portable television. The financing statement was recorded and described the collateral as "consumer goods". The Referee found that the term "consumer goods" did not sufficiently describe the type or items of collateral and held that the security interest was void. The Court in holding the financing statement to be insufficient, quoted from Professor Gilmore, Security Interests in Personal Property, Para. 15.3, at page 477 (1965):

"A filed financing statement must describe the types of collateral in which the secured party claims, or may claim, an interest. The description by 'types' is understood to require a certain degree of specificity:

it would not be sufficient for the notice to claim 'all the debtor's property.' Thus if a secured party is financing a dealer's inventory which includes washing machines, television sets, phonographs, radios and refrigerators, it would be advisable for the notice to list each of these 'types' of collateral separately."

■ Since the financing statement, which is attacked here by the Trustee in Bankruptcy, refers to tractors, it has complied with the requirements of the statutes and with Professor Gilmore's comments in that it has designated tractors as the type of collateral which is being secured. The Referee erred in not granting the PCA a valid lien on so much of the personalty as consisted of the Tractor ICH 450:Cultivator (4-Bottom Breaker), Breaker for Massey Ferguson, Tractor Super "C" Cultivator, and Tractor Warmer.

With reference to the other items which were sold by the Trustee, the Court has read with great interest the case In re Drane, 202 F.Supp. 221, decided by Judge Roy Shelbourne, Judge for the Western District of Kentucky, on January 24, 1962. In his opinion, Judge Shelbourne, while deciding a case under the Uniform Commercial Code, relies heavily on a quotation from 14 C.J. S. Chattel Mortgages § 57, Subsection 3, pages 660–662:

"As against third persons the description in the mortgage must point out its subject matter so that such persons may identify the chattels covered, to the exclusion of all other like property. It is not essential, however, that the description be so specific that the property may be identified by it alone; but it is sufficient if it suggests inquiries or means of identification which, if pursued, will disclose the property conveyed. This rule is based on the maxim, That is certain, which is capable of being made certain. So, a description is sufficient if it may be aided by parol proof and the property covered by the mortgage identified."

Judge Shelbourne also quoted from Sparks v. Deposit Bank of Paris, 115 Ky. 461, 74 S.W. 185, 78 S.W. 171, where the Court of Appeals stated:

> "The description need not be such as would enable a stranger to select the property. A description which will aid third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient."

KRS 355.9–402 and KRS 355.9–110 are sections of the Uniform Commercial Code which was adopted in 1958 and which was designed to liberalize the rigid description requirements contained in the chattel mortgage and conditional sales acts of many states. See In re Lehner, supra, 303 F.Supp. at page 318.

Examining the equipment alleged to be covered by the financing statement, it is apparent that no description is made of a fender, truck bed, wheels of a Chevrolet truck, two boxes and contents and a cylinder. The financing statement also does not designate these items by types and, therefore, the Referee should be upheld in adjudging that as to these items the security interest of the creditor has not been perfected.

The remaining items to be considered are such items as the speed feeders, disc hillers, planter parts, grain bed, fertilizer distributor, rotary mower, soil surgeon, disc offset, spray rig and boomer. An examination of the financing statement reveals that these items are not described therein. The question then arises as to whether or not the use of the words tilling and harvesting tools constitutes a sufficient indication by *type* of the collateral to prove the lien of the creditor.

In order to determine this matter, the Court has examined Words & Phrases, Vol. 41A, and Webster's International Dictionary, 2d Revised Edition, 1955, in order to determine whether the personalty sold by the Trustee falls within the definition of tools. Ordinarily a tool is defined in Webster's Dictionary as an instrument of manual operation used to facilitate mechanical operations, as distinguished from an appliance moved and regulated by machinery. It is also defined as any implement or object used in performing or carrying on work of any kind where the implement or object is used or worked by hand, and is movable, as distinguished from power-driven machinery. These are the two primary meanings of the word tool. Under these definitions, such objects as rakes, hoes and shovels would be properly considered as harvesting and tilling tools.

In Words and Phrases, Vol. 41A, Permanent Edition, at page 485, the case of Garrett v. Patchin, 29 Vt. 248, 249, 79 Am.Dec. 414, is cited as holding that the word tools as used in an exemption statute should be construed to include such farm tools as are used by hand, to include hoes, axes, pitchforks, oxen and horses, as carts, plows, harness, mowers and reapers.

It is the belief of the Court that the use of the words "harvesting tools" or "tilling tools" does not accurately indicate the *type* of collateral which the creditor was holding. Had the creditor used the words "tilling machinery" or "harvesting machinery" the question would be closer, although the Court believes that to be secure from attack by a third party the statements should have contained an indication by types such as mower, reaper, fertilizer, etc.

In conclusion, the Court has this day entered an appropriate order in which the petition to review the Referee's order is sustained, the order is set aside in part, and the security interest of PCA adjudged valid insofar as the Court has indicated in this Opinion.