In the Matter of AMERICAN PLATING & MANUFACTURING COMPANY, Michael J. Clare, Trustee, Appellant,

v.

LIBERTY NATIONAL BANK AND TRUST COMPANY, Appellee.

No. BK 78–00288 L.

United States District Court, W. D. Kentucky, Louisville Division.

Jan. 29, 1979.

Joseph J. Golden, Louisville, Ky., for American Plating.

Michael J. Clare, Louisville, Ky., for trustee.

David T. Stosberg, Louisville, Ky., for Liberty National Bank.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

This appeal from the bankruptcy order entered April 26, 1978 raises the question of the sufficiency of a security agreement-financing statement executed on August 25, 1977.

The security agreement executed by the bankrupt to the appellee bank, Liberty National Bank and Trust Company is as follows:

"All present and future accounts receivable, inventory, equipment, contract rights and chattel paper, whether arising from the sale, lease or other disposition of inventory or the rendition of services, or otherwise, and all returned or repossessed goods related thereto and all proceeds thereof. All inventory now owned or hereafter acquired, whether raw materials, work in process, or finished goods, and all materials and supplies now owned or hereafter acquired and used or usable in connection with manufacturing, processing, servicing, packaging, shipping, storing or selling of any such inventory and all proceeds and products of any of the foregoing."

K.R.S. 355.9–402(1) states in part:

"A Financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral."

K.R.S. 355.9–110 provides as follows:

"For the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

As pointed out in the case of *In Re Anselm*, 344 F.Supp. 544 (W.D.Ky.1972) the Uniform Commercial Code was designed to liberalize the rigid description requirements contained in the chattel mortgage and conditional sales acts. See *In Re Lehner*, 303 F.Supp. 317 (D.C.Colo.1969). Also, as discussed in the holding in *Anselm, supra*, the Court is bound to follow Kentucky law and to take into consideration the decision of *Mammoth Cave Production Credit Association v. York*, 429 S.W.2d 26 (Ky.1968). In *York*, the description in the security agreement was as follows:

"All farm equipment.

\*     \*     \*     \*     \*     \*

"4. All property similar to that listed above . . . ."

The loan was only for $2,770, and Judge Osborne, writing the opinion for the then

Court of Appeals, now the Supreme Court of Kentucky, stated that it was doubtful that tractors and other large equipment were to be security for the loan in view of the vague and indefinite description.

In the instant case the bank was taking as security all of the property owned by the debtor. The security agreement lists the type of security as to which financing was secured. We believe that since the financial statement does accurately describe the type of collateral which the creditor was holding, and since it is obvious from the description set out in the statement that the debtor was an on-going business whose various types of assets were being used as security, this was sufficient to suggest inquiries or means of identification which, if pursued, would disclose the property which was secured. See *In re Drane*, 202 F.Supp. 221 (W.D.Ky.1962), decided by Judge Shelbourne, and particularly the language found in that opinion, as set out in the decision of this writer in the case of *In re Anselm*, *supra*, at pp. 546 and 547.

In accordance with this opinion, we affirm the order of the bankruptcy judge and have this day entered our final judgment.