LIVELY, Circuit Judge.
 

 The trustee in bankruptcy appeals from the judgment of the district court affirming a decision of the bankruptcy judge. Before the bankruptcy judge, the trustee asserted that the security instruments did not create a valid security interest in certain collateral in favor of the creditor, First National Bank of Louisville.
 

 The record contains the following written instruments: A Loan and Security Agreement dated April 9, 1974, given “to secure the payment and performance of all liabilities of the Borrower [Charles O. Cooley, Jr., dba Cooley’s Lawn Service] to the Bank . ,” A Financing Statement bearing the same date, and a promissory note from Charles O. Cooley, Jr. and Patricia E. Cooley, his wife, to the bank for $10,000 base
 
 *57
 
 amount plus a finance charge of $4,301.60, dated November 7, 1974. The bankruptcy judge conducted a hearing and made a finding of fact that the bankrupts executed and delivered to the bank on April 9, 1974, a promissory note for $3,000 and that the security agreement of that date granted the bank a security interest in collateral which included the personal property of Cooley’s Lawn Service that is in dispute. A second mortgage on real estate was given by the bankrupts as collateral for the November 7th note. The bankruptcy judge held that this mortgage merely provided additional security for the total indebtedness.
 

 The trustee contends, first, that the bank failed to prove that a $3,000 loan was made on April 9, 1974. This argument is based on the fact that no promissory note for $3,000 is included in the record. However, the bankruptcy judge heard proof and made a specific finding that such a note was executed. The trustee has not provided a transcript of the hearing. Under the “concurrent findings rule,” this finding by the bankruptcy judge, concurred in by the district court, is conclusive in the absence of a clear demonstration of mistake.
 
 In re Nelson & Sons, Inc.,
 
 426 F.2d 235 (6th Cir. 1969),
 
 cert. denied,
 
 397 U.S. 1038, 90 S.Ct. 1359, 25 L.Ed.2d 650 (1970). There was no showing that the finding was clearly erroneous or based upon a mistake.
 

 The trustee also argues that the security agreement of April 9th was insufficient because it did not disclose the amount of the loan or the maturity date. The Uniform Commercial Code (UCC), as adopted by Kentucky, sets forth the requirements of a valid security agreement. Kentucky Revised Statutes (K.R.S.) § 355.9-203. There is no requirement that the amount secured or the date of maturity be shown. These are essential contents of the underlying debt instrument (the promissory note) but not of the security agreement. The security agreement here specifically provided for future advances. The flexibility intended by the UCC would be severely limited by a requirement that a security agreement state a fixed amount and maturity date. We know of no authority for the appellant’s position.
 

 Assuming a valid obligation and a valid security interest were created on April 9th, the trustee next maintains that the November 7th note constituted a novation between the parties. The November 7th transaction, according to this theory, can-celled and superseded all obligations under the April documents and created a new debt which was secured solely by a second mortgage on the Cooley residence. In concluding that the November 7th note renewed all obligations of the bankrupts to the bank and furnished additional security, the bankruptcy judge quoted from the note as follows:
 

 To secure this note and all other existing and future indebtedness, direct or contingent, the Maker, pursuant to all terms and provisions of a Security Agreement of even date herewith, grants to the bank a security interest in all collateral identified hereon and in all deposits and other property of the Maker now or hereafter held by the bank.
 

 This language makes it clear that all property previously given as collateral, as well as that “identified hereon” (the mortgaged real estate), was pledged as security for the. total obligation of the bankrupts to the bank. Under Kentucky law a renewal note, as distinguished from a novation, does not extinguish an existing obligation.
 
 White v. Winchester Land Development Corp.,
 
 584 S.W.2d 56, 63 (Ky.App.1979). The determination of whether a later note is a renewal of an earlier one or a novation depends on the intent of the parties.
 
 Id.
 
 After hearing proof, the bankruptcy judge concluded that a novation was not intended in this case. The district court concurred. No basis has been demonstrated for setting this finding aside.
 

 Finally, the trustee asserts that the security agreement is invalid because the description of the collateral is insufficient under Kentucky law. He relies principally upon the decision in
 
 Mammoth Cave P.C.A. v. York,
 
 429 S.W.2d 26 (Ky.1968), where it was held that a security agreement which
 
 *58
 
 listed “farm equipment” as collateral and stated that it included “replacements of and additions to equipment” was not adequate to perfect a security interest in a subsequently acquired tractor.
 

 The collateral was described in the security agreement before us as follows:
 

 (a) All inventory of the Borrower, now owned or” hereafter acquired;
 

 (b) All contract rights of the Borrower, now existing or hereafter arising;
 

 (c) All accounts receivable of the Borrower, now existing or hereafter arising;
 

 (d) All goods, instruments, documents of title, policies and certificates of insurance, securities, chattel paper, deposits, cash or other property owned by the Borrower or in which it has an interest which are now or may hereafter be in the possession of the Bank or as to which the Bank may now or hereafter control possession by documents of title or otherwise;
 

 (e) Proceeds and products of all of the foregoing; [and]
 

 (f) All machinery and equipment, including machinery and equipment which are or will become fixtures, office supplies, furniture, office and store fixtures, raw materials, work in process, and the proceeds and products of all of the foregoing.
 

 K.R.S. § 355.9 — 110 provides that any description of property is sufficient “whether or not it is specific if it reasonably identifies what is described.” Construing this requirement in a case where the adequacy of the description of collateral was challenged, Chief Judge Charles M. Allen wrote in
 
 American Plating & Mfg. Co. v. Liberty National Bank & Trust Co.,
 
 468 F.Supp. 103, 105 (W.D.Ky.1979)—
 

 We believe that since the financial statement does accurately describe the type of collateral which the creditor was holding, and since it is obvious from the description set out in the statement that the debtor was an on-going business whose various types of assets were being used as security, this was sufficient to suggest inquiries or means of identification which, if pursued, would disclose the property which was secured, (citation omitted).
 

 In his opinion Judge Allen distinguished
 
 Mammoth Cave P. C. A. v. York, supra,
 
 and a case decided by the district court in which the description of collateral was found to be inadequate.
 
 In Re Anselm,
 
 344 F.Supp. 544 (W.D.Ky.1972).
 

 We believe
 
 Mammoth Cave P. C. A. v. York
 
 is distinguishable from the present case. Here the borrower was a going business, shown in the security agreement and the recorded financing statement as “Charles O. Cooley, Jr. DBA Cooley’s Lawn Service.” The listing of collateral, described by categories, included all the usual assets of a going business. It would be contrary to the purpose of the UCC to hold that lawn tending equipment of this borrower was not sufficiently described by the language used in the security agreement.
 

 The judgment of the district court is affirmed.