In re Joseph Allen PENDLETON, Monroe Allen Pendleton, Josephine Pendleton, Debtors.

Joseph Allen PENDLETON, Monroe Allen Pendleton, Plaintiffs,

v.

DEALER WAREHOUSE, INC., and the United States of America By and Through the Farmers Home Administration, Defendants,

v.

ROEDER IMPLEMENT COMPANY, INC., Third Party Defendant.

Bankruptcy Nos. 5–82–00319, 5–82–00318. Adv. No. 5–82–0073.

United States Bankruptcy Court, W.D. Kentucky.

Feb. 10, 1984.

---

7. Appendix to Plaintiff's Post Argument Supplemental Brief, part A.

8. Id., part A, B and E.

Sandra D. Freeburger, Fridy & Freeburger, Sebree, Ky., for debtors Pendleton.

Robert L. Fears, Hopkinsville, Ky., for Dealer Warehouse, Inc. and Roeder Implement Co.

Philip J. Dunnagan, Asst. U.S. Atty., Louisville, Ky., for U.S., FmHA.

David L. Cotthoff, Chewning, Underwood & Cotthoff, Hopkinsville, Ky., for Dade Bros. Farms.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

Debtors-in-possession commenced this adversary proceeding by filing a complaint on December 30, 1982 seeking to avoid a garnishment by creditor, Dealer Warehouse, Inc., of approximately $5,000.00 within ninety (90) days of debtors' petitioning for relief under Chapter 11 of the Bankruptcy Reform Act of 1978. An amended complaint filed March 18, 1983 by debtors-in-possession specifically alleges: (1) that garnishment of approximately $5,000.00 by Dealer Warehouse, Inc. is a preference within the language and meaning of 11 U.S.C. § 547 by providing this creditor with more than would have been received had distribution in accordance with Chapter 7 provisions been made; (2) that within ninety (90) days of the bankruptcy filing, Dealer Warehouse, Inc. executed upon certain exempt property of debtor-in-possession, Joseph Allen Pendleton, and that said lis pendens notice encumbering said residential property should be released pursuant to 11 U.S.C. § 522(f); (3) that financing statements filed by Farmers Home Administration inadequately describe equipment of debtors-in-possession for valid perfection therein to have occurred under Kentucky law; (4) that payments made within 90 days of the bankruptcy filing to Farmers Home Administration by Dairymen, Inc. pursuant to a pre-petition assignment of right to payment by debtors-in-possession constitute preferential transfers in accordance with 11 U.S.C. § 547.

This Court sets forth the following findings of fact upon which related conclusions of law have been established.

On April 12, 1982, Dealer Warehouse, Inc. (hereinafter "Dealer") received a judgment against debtors-in-possession in the amount of $9,127.00 granted by the Circuit Court, Christian County, Kentucky. Coin-

cidental with this order and judgment, Dealer was granted a security interest in machinery, equipment, 1982 soybean crop, 1982 wheat crop, including all proceeds thereof, owned by debtors-in-possession. The security agreement was properly executed and filed April 19, 1982 in the office of the Christian County Court Clerk.

Subsequent to the judgment rendered in the civil action, Dealer caused an execution to issue on September 29, 1982 against certain real estate identified as Lot No. 27, Holiday Park and owned by debtor-in-possession, Joseph Pendleton, A lis pendens notice was recorded pursuant to Kentucky Revised Statute (KRS) 382.440, and the Sheriff of Christian County executed said Execution on September 30, 1982.

On January 29, 1982, Dealer filed a prejudgment attachment after complying with KRS 425, et seq., including Attachment Bond, and an Order of Attachment was entered on said date covering all livestock and dairy cattle of debtors-in-possession.

On September 16, 1982, Dealer garnished the approximate sum of $5,000.00 owing by Dairymen, Inc. to debtors for sale of milk. Plaintiffs complain that said garnishment provided Dealer with more than would have been received had a Chapter 7 distribution of debtors' assets been made. In response thereto, Dealer asserts that under a Chapter 7 liquidation its entire judgment of $9,127.00 plus interest at twelve percent (12%) per annum until paid would have been received either through its secured position on real estate of Joseph Pendleton, through attachment of livestock and dairy cattle of debtors-in-possession, or due to Dealer's secured position in machinery, equipment and crops of debtors.

In resolving this issue of whether debtors-in-possession can recover the transfer to Dealer of approximately $5,000.00, this Court notes that 11 U.S.C. § 547 presents five (5) criteria which are to be applied to a transfer of property of the debtor, and provides that the trustee, or debtors-in-possession pursuant to 11 U.S.C. § 1106, may avoid any transfer of debtor's property which satisfies all five criteria. The crite-

ria are: (1) the transfer must have been made to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made while the debtor was insolvent; (4) within 90 days before the date of the filing of the petition, or within one year before the date of filing if the creditor had achieved "insider" status at the time of the transfer and had reasonable cause to believe that the debtor was insolvent; and (5) which enabled the creditor to receive more than he would have received under Code provisions. Each of these elements must be present and established by a preponderance of the evidence by the trustee or debtor-in-possession seeking to avoid the transfer. *In re Taylor*, 29, B.R. 5 (W.D. Ky.1983).

 In the instant case, plaintiffs alleged only that a preference occurred when Dealer Warehouse, Inc. received more by the transfer than would have been received under Code law, and that said transfer was made on account of an antecedent debt. Remaining elements of a preference were not alleged, and no evidence of any of the elements was offered as proof by debtors-in-possession. Due to failure of the plaintiffs to meet their burden of proving each element of a preference by a preponderance of the evidence, this Court finds that the garnishment of approximately $5,000.00 by Dealer Warehouse, Inc. cannot be recovered by debtors-in-possession pursuant to 11 U.S.C. § 547.

Debtors-in-possession further complain that an execution by Dealer against certain real property of Joseph Pendleton within ninety (90) days of filing impaired an exemption claimed by this debtor and that said encumbrance is voidable pursuant to 11 U.S.C. § 522(f). Because of the Court's above finding of Dealer's right to maintain the garnished amount, coupled with Dealer's superior status in proceeds from sale of plaintiffs' 1982 wheat crop, this issue has become moot by Dealer's claim being satisfied in full. Thus, Dealer is instructed to release any encumbrance upon real property of Joseph Pendleton, identified as Lot 27, Holiday Park.

Debtors-in-possession next allege that financing statements filed by Farmers Home Administration (hereinafter "FmHA") insufficiently describe collateral for valid perfection of FmHA's interest in debtors' equipment to have occurred under applicable Kentucky law.

Kentucky Revised Statute 355.9–402(1) provides that a financing statement is sufficient to give notice to a third party that a secured creditor claims an interest in certain property of debtor if the financing statement contains "a statement indicating the types, or describing the items, of collateral." The issue of sufficiency of descriptions in security agreements and financing statements is addressed further by Section 355.9–110 of the Kentucky Revised Statutes:

> For the purpose of this article any description of personal property or real estate if sufficient whether or not it is specific if it reasonably identifies what is described.

The Kentucky Court of Appeals has construed this statute to mean:

> An adequate description need not describe the property with utmost particularity, but it is sufficient if the facts shown would enable a third party, assisted by external evidence, to identify it.

*In re Drane*, 202 F.Supp. 221, at 224 (W.D. Ky.1962), citing *Liberty National Bank & Trust Co. v. Miles*, Ky. 259 S.W.2d 474. See also *Matter of Cooley*, 624 F.2d 55 (6th Cir.1980).

■ Thus, the description of collateral on the financing statement is sufficient if it raises a question regarding the identity of encumbered property which causes a third party to reasonably inquire as to external sources available which specify property subject to the parties' agreement. *Matter of Cooley, id.;* see *Bank of Danville v. Farmers National Bank of Danville*, Ky., 602 S.W.2d 160 (Ky.1980). Appropriate among the sources of information from which to seek identification of encumbered property is the security agreement to which a separate recorded financing state-ment relates. See *In re All-Brite Sign Service, Inc.*, 11 B.R. 409 (W.D.Ky.1981).

■ In the case at bar, FmHA was granted a security interest in specified property of debtors-in-possession, including proceeds thereof. FmHA subsequently filed three financing statements which described the collateral so encumbered in generic terms. Such description of the collateral as "all equipment, livestock and products thereof, and proceeds" would cause a reasonable third person to inquire further to identify equipment subject to the parties' security agreement. The duty to seek identification of encumbered property from sources external to the financing statement was incumbent upon the noticed third party, not upon a creditor properly utilizing the right to file a financing statement rather than full security agreement, as plaintiffs contend. Proper inquiry in the instant case by a noticed party would have revealed the existence of a security agreement which contained explicit identification of equipment to which the parties' agreement had attached. Therefore, this court finds that the description of collateral in the financing statements filed by FmHA was sufficient to perfect FmHA's interest in certain equipment owned by debtors-in-possession.

This Court takes notice that debtors-in-possession have cited *Mammoth Cave Production Credit Association v. York*, 429 S.W.2d 26 (Ky.App.1968), and *In re Anselm*, 344 F.Supp. 544 (W.D.Ky.1972) as broadly proposing that generic terms used on a financing statement are insufficient descriptions to give valid notice to a third party of the secured party's claim against specific items of personality. However, in both *York* and *Anselm* the creditor claiming a secured interest in specific items of property relied upon a single document, a security agreement filed as a financing statement, which generally described collateral encumbered. Thus, the sufficiency of description of collateral such that a security interest had been created and attached to specific property was in issue, and no related extrinsic evidence was avail-

able to a third party seeking identification of encumbered collateral as exists in the case at bar.

Although FmHA possesses a valid security interest in equipment of debtors-in-possession which cannot be defeated by a hypothetical lien creditor or party secured solely by subsequent filing, Roeder Implement Company, Inc. (hereinafter "Roeder") filed an intervening complaint in this proceeding alleging that a judgment rendered April 12, 1982 by the Circuit Court, Christian County, Kentucky, created a superior lien for Roeder in proceeds from the sale of a John Deere 6620 Combine. The judgment was obtained by Roeder subsequent to their filing a statutory mechanic's lien pursuant to KRS 376.440, and in accordance with a civil action filed January 27, 1982 to enforce said lien. Judgment rendered on behalf of Roeder was for the sum of $30,665.96, plus interest of twelve percent (12%) per annum, until paid.

■ The case of *Corbin Deposit Bank v. King,* 384 S.W.2d 302 (1964) is dispositive of this issue, said Kentucky decision declaring that a statutory lien possessed by a creditor for materials furnished and repairs rendered takes priority over a previously perfected security interest. This Court thus finds that Roeder is entitled to proceeds from sale of the John Deere 6620 Combine sufficient to satisfy any indebtedness remaining on the $30,665.96 judgment amount.

The intervening complaint filed by Roeder also requested a determination of Roeder's superior interest in proceeds remaining from sale of the 1982 soybean crop, subject only to a landlord's lien asserted by Dade Brothers Farms. The issue was uncontested, and this Court so finds.

The remaining issue raised in plaintiff's amended complaint involved whether a prepetition assignment to FmHA of the right to receive proceeds of milk sales, some payments made within 90 days of filing, constituted a preferential transfer which can be set aside in accordance with 11 U.S.C. § 547.

Facts in evidence established that debtors-in-possession contractually arranged to sell all milk produced by cattle belonging to debtors-in-possession to Dairymen, Inc. As a means of accommodation, debtors-in-possession assigned their right to receive proceeds from milk sales to FmHA who held a secured interest in all livestock and products thereof, including proceeds. The assignment to FmHA for the monthly sum of $3,850.00 was effectuated August 21, 1979. The monthly payment was increased to $4,350.00 by agreement of the parties on September 21, 1982. Bankruptcy petitions were filed October 4, 1982. Debtors-in-possession now allege that the amounts received by FmHA within ninety (90) days of filing and/or the increased assignment wherein no new value was given constitutes a preference.

The preference provision, 11 U.S.C. § 547, protects creditors receiving transfers within the ninety-day period of vulnerability if said payments were made from property subject to the parties' security agreement. Although debtors-in-possession admit that FmHA validly perfected an interest in all livestock and products thereof, including proceeds, the plaintiffs challenge FmHA's status as a secured creditor in the account arising when payment by Dairymen, Inc. was due and owing.

■ Kentucky law is regarded as the appropriate basis for resolution of this issue. KRS 355.9–306(1) defines "proceeds" to:

"... include whatever is received when collateral is sold, exchanged, collected or otherwise disposed of. The term also includes the account arising when the right to payment is earned under a contract right."

Since KRS 355.9–306(1) expressly defines "proceeds" to include an account such as arose when FmHA earned the right to payment pursuant to its contract of assignment, the financing statements filed by FmHA were sufficient to perfect FmHA's interest in said account.

This Court therefore concludes that under Kentucky law, FmHA is perfected in the "account" arising from the relevant parties' prepetition agreement and transfers related thereto nonpreferential.

 In a motion submitted on December 6, 1982, ruling reserved until this time, debtors-in-possession moved to reject the executory contract existing between debtors-in-possession and Dairymen, Inc. wherein Dairymen was to pay a monthly sum owing from milk sales to FmHA. Debtors-in-possession have rightfully asserted their option by application of 11 U.S.C. § 365 to reject this contract executory in nature. However, debtors-in-possession are subject to FmHA's rights as a secured creditor, defined in 11 U.S.C. § 363, in all proceeds from milk sale and any accounts arising therefrom.

The issue presented by Dealer concerning priority between Dealer and Blue Lantern Farms in proceeds from sale of wheat has been resolved by the above findings and conclusion that Dealer's claim has been satisfied in full. Blue Lantern Farms is thus entitled to retain all proceeds distributed to them as landlord by previous court order.

Debtors-in-possession argued in a trial brief that application of 11 U.S.C. § 552 requires a judicial determination that FmHA has an enforceable security interest in milk proceeds only to the extent of the value of the milk when the bankruptcy petition was filed and not in the subsequently increased value of this collateral. Since this allegation was neither alleged in the amended complaint nor evidence offered relevant thereto, debtors-in-possession have failed to properly present this issue, if any, for judicial determination.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this the 10th day of February, 1984.