**NOLIN PRODUCTION CREDIT
ASSOCIATION, Appellant,**

v.

**The CITIZENS NATIONAL BANK OF
BOWLING GREEN, Harlen Ward, Un-
ion Investment, Bill Lee Edwards and
Wife, Lorena Edwards, Sydney Bunnell
and Wife, Judelle Bunnell, Edgar
Drake, d/b/a Surge Service, B & R
Supply Company, Central Concrete,
Inc., I.P. DeWeese, Ashland Oil and Re-
fining Co., North Central Regional
Mental Health, Mental Retardation
Board, Inc. and Mammoth Cave Pro-
duction Credit Association, Appellees.**

Court of Appeals of Kentucky.

May 9, 1986.

Steve Hixson, Bowling Green, for Citi-
zens Nat. Bank.

Kent Overton Sublett, Bardstown, for
I.P. DeWeese.

John S. Kelley, Bardstown, for Edgar
Drake.

Hensley, Dunn & Ross, Horse Cave, for
Harlen Ward.

Michael R. Gosnell, Greenwald & Gos-
nell, Louisville, for Union Investment.

George E. Strickler, Jr., Bowling Green,
for Central Concrete, Inc.

Douglas C. Brandon, Ashland, for Ash-
land Oil, Inc.

H. Jefferson Herbert, Jr., Glasgow, for
Mammoth Cave PCA.

R. Keith Bond, Hodgenville, for appel-
lant.

Before McDONALD, COOPER and
DUNN, JJ.

DUNN, Judge.

This appeal arises from the judgment of
the Warren Circuit Court in a real estate
mortgage foreclosure action concerning
property in Warren, Hart, Hardin and Nel-
son Counties. The trial court in its judg-
ment adopted the findings of fact, conclu-
sions of law and recommendations of its
master commissioner who conducted hear-
ings for the marshalling and determining
the priority of liens. We are only con-

cerned with the proceedings as they affect the first mortgage on the tract in Nelson County to secure a note originally executed by appellee Harlen Ward and his then wife, Maxine, in favor of appellant Nolin Production Credit Association. The judgment gave no effect to the mortgage and denied appellant benefit from any of the proceeds of the sale of the property and required it to return the proceeds in its possession with 12% pre-judgment interest for distribution to appellees. We affirm.

We need not unduly burden this opinion with a detailed recitation of the multitude of extraneous facts attendant to this seemingly complex litigation, since they are all already known to the litigants and their counsel. We recite only those facts necessary to the intelligent review and understanding of the critical issues before us.

Harlen Ward and his wife, Maxine, on May 13, 1977, executed their promissory note in favor of NPCA in the amount of $98,067.00 secured by a first mortgage on the Nelson county property in question open ended to $120,000.00. On October 13, 1980, Harlen alone executed a promissory note to NPCA for $314,506.34. On October 27, 1980, Harlen alone executed a real estate first mortgage on the property in Warren, Hart and Hardin counties to secure this October 13, 1980, note. The balance then due on the prior May 3, 1977, note was $65,709.00, which sum was included in the amount of the new note which, according to various phrases in the proof was "incorporated", "consolidated" or "paid-off" by the execution of the October 13, 1980, note, and the October 27, 1980, real estate first mortgage. No mention was made in either this note or this mortgage of the prior May 13, 1977, note or mortgage being extended to the later note or mortgage. Crucial to resolution of the issues before us is the fact that Maxine Ward did not execute either the October 13, 1980, note or the October 27, 1980, mortgage.

The real estate in question was sold by the trustee in bankruptcy incidental to Ward's bankruptcy petition in the U.S. District Court for the Western District of Kentucky and the $83,239.12 sale proceeds were distributed without objection to NPCA.

Appellees contend the May 13, 1977, note was satisfied by the execution of the October 13, 1980, note, and its mortgage thereby released even in the face of its future advance provision. Appellant NPCA's position is that the first note was not paid off but was extended and consequently the future advance provision protected NPCA as to the Nelson County property.

Our law is well settled that a renewal note will not extinguish an obligation. However, a renewal note that is a novation which operates to extinguish an original debt is to be distinguished. Whether a second note is a renewal of an original obligation or a novation thereof, depends upon the intentions of the parties. *See White v. Winchester Land Development Corp.*, Ky.App., 584 S.W.2d 56 (1979); and, *Matter of Cooley*, 624 F.2d 55 (6th Cir., 1980). It follows, then, that if the new note extinguished the old debt, the mortgage securing it also fails as to the first debt and the future advances protection with it, since there is no obligation upon which to base an advance.

The trial court in adopting the master commissioner's findings of fact made no exception to the finding that the first note indebtedness was paid and since the underlying indebtedness of the first note was paid, it and its mortgage were released. *See White v. Winchester Land Development Corp., supra,* and *Matter of Cooley, supra.* Appellant NPCA made no CR 52.-02 or CR 59.05 motion attacking this finding and conclusion. If one takes the position that the holding in *Cherry v. Cherry,* Ky., 634 S.W.2d 423 (1982), equates this failure to a waiver, NPCA's claim that the first note and mortgage were not released must fail.

Even without the *Cherry* waiver rule, the result is the same. That case also holds we can not disturb the trial court's finding unless it was clearly erroneous in

the sense that its determination was not supported by substantial evidence. CR 52.-01. Substantial evidence is present to support the fact the parties intended a novation and not a renewal as illustrated by the testimony of NPCA's officer Kenneth Morris as follows:

THE WITNESS: Can I make one—maybe I can clear up one thing. The reason for these notes here is that Mr. Ward and his wife went through a divorce settlement. We had all of these notes with both of them signed on them. When they divorced, he kept all the property. So, then, there was new notes taken with Mr. Ward signing them. That is the reason for a lot of notes being like they are.

THE COURT: And, you released her from liability insofar as your claims are concerned?

THE WITNESS: Correct.

It follows that NPCA's claim also fails under the CR 52.01 "substantially erroneous" rule.

The trial court was not in error, therefore, in setting aside the mortgage provisions attendant to the first note. We have reviewed carefully the authorities NPCA cites and find them not applicable to these circumstances.

In like manner, we find unacceptable appellant NPCA's argument questioning the trial court's allowance of pre-judgment interest on the bankruptcy sale proceeds it had held. The law is clear that interest runs on a liquidated claim and its allowance lies within the sound discretion of the trial court. *See City of Henderson v. Riley*, Ky.App., 674 S.W.2d 27 (1984). Here the amount of the claim is a liquidated one and we find nothing to cause us to question the trial court's exercise of its discretion in the allowance. The interest, however, is to be limited to 8% legal interest. The 12% interest rate would only apply to post-judgment interest.

In view of all of the above we need not address appellee Drake's now moot contention regarding the priority of its mechanic's liens over NPCA's mortgage.

The judgment of the Warren Circuit Court is AFFIRMED as to all issues other than the 12% interest rate on pre-judgment interest. In that regard we reverse and remand with direction to reduce from 12% to 8% pre-judgment interest rate on the $83,293.12 held by it from the trustee in bankruptcy.

All concur.