James L. AVRITT, Executor under the Will of Maxie Avritt, Deceased, Appellant,

v.

H.E. O'DANIEL, Kobert Thompson, G.L. Thompson and New Farmers Tobacco Warehouse, Inc., Appellees.

H.E. O'DANIEL, Kobert Thompson, G.L. Thompson and New Farmers Tobacco Warehouse, Inc., Cross-Appellants,

v.

James L. AVRITT, Executor under the Will of Maxie Avritt, Deceased, Cross-Appellees.

Court of Appeals of Kentucky.

May 3, 1985.

Robert Spragens, Jr., Lebanon, for appellant.

H. Edward O'Daniel, Jr., Springfield, for appellees.

Before COMBS, DUNN and MILLER, JJ.

COMBS, Judge.

This is an appeal and cross-appeal from the "summary judgment" of the Marion Circuit Court interpreting and enforcing a corporate by-law restriction on the transfer of shares.

■ As a preliminary matter, we note that this is not an appeal from a summary judgment but an appeal from a trial and decision by the court, since the lower court made findings of fact and conclusions of

law. Therefore, our review is limited by the clearly erroneous standard of CR 52.01.

The New Farmers Tobacco Warehouse of Lebanon, Inc. was organized in 1962 by five incorporators as equal owners. The company issued a total of 300 shares of stock valued at $400,000.00, with each incorporator receiving 60 shares worth $80,000.00. Although the by-laws restricted the inter vivos transfer of shares and required surviving shareholders to purchase a deceased shareholder's stock for $80,000.00, there was no provision for an increase or decrease in relative ownership and no stated per-share value. In 1982, one of the shareholders transferred his 60 shares to the other four in exchange for $90,000.00. After the sale, each remaining stockholder held 75 shares of the company's stock but the by-law relating to sale and redemption was not amended to reflect the change. Thus, a literal reading of the by-law would net a deceased shareholder's estate $80,000.00 for 60 shares prior to the 1982 sale and $80,000.00 for 75 shares after the sale.

Appellant's decedent, a shareholder in the company, died in 1983 and the surviving shareholders offered appellant $80,000.00 for the deceased's entire interest in the corporation. Appellant refused the tender, reasoning that the by-laws valued 60 shares at $80,000.00 so decedent's 75 shares were worth $100,000.00. This lawsuit erupted when the parties were unable to agree on a redemption price.

After considering all the evidence, the trial court upheld the disputed by-law and construed it as requiring decedent's estate to surrender 60 shares of stock in return for $80,000.00. The court decided the remaining 15 shares belonged to the estate, subject to the restrictions set out in the by-laws.

Neither party is satisfied with the trial court's ruling. Appellant claims the court should have awarded his decedent's estate $100,000.00 plus pre-judgment interest while appellees think they are entitled to purchase all of the deceased's stock for $80,000.00.

 We disagree with the parties and conclude that the lower court reached a fair and equitable result under the circumstances. The by-law in question is extremely ambiguous and would easily support either party's proposed interpretation, but the lower court recognized that appellant's construction would expand the survivors' obligations while appellees would undervalue decedent's stock. Under these circumstances, the trial court's decision to adopt the middle ground was not clearly erroneous.

Likewise, the lower court was not required to award appellant pre-judgment interest. The allowance of interest is a matter within the judicial discretion of the court, *Curtis v. Campbell*, Ky., 336 S.W.2d 355 (1960), and we cannot say that the trial court abused its discretion in denying appellant's motion.

The judgment of the Marion Circuit Court is affirmed.

All concur.