NORTH RIDGE FARMS, INC., Appellant,

v.

Dan STATHATOS, Appellee (Two Cases).

and

Dan STATHATOS, Appellant,

v.

NORTH RIDGE FARMS, INC., and J. Montjoy Trimble, Agent and Attorney-in-Fact for Dan Stathatos and Sam Malisos; and Sam Malisos, Appellees.

Nos. 86–CA–1654–MR, 87–CA–1236–S, 87–CA–1237–S.

Court of Appeals of Kentucky.

April 29, 1988.

Rehearing Denied June 24, 1988.

Discretionary Review Denied by Supreme Court Dec. 7, 1988.

Michael D. Meuser, Harry B. Miller, Jr., Lexington, for North Ridge Farms, Inc.

Jack G. Jones, Jr., Janie C. McKenzie, Lexington, for Dan Stathatos.

Kevin G. Henry, Lexington, for J. Montjoy Trimble.

Before COMBS, LESTER and MILLER, JJ.

COMBS, Judge.

This matter involves three appeals from an order of the Fayette Circuit Court, to wit: Court of Appeals Numbers 86–CA–1654–MR, 87–CA–1236–S, and 87–CA–1237–S.

The cases originated with an argument over the ownership of a "syndicated" share in the thoroughbred stallion, Affirmed, and the entitlement to the 1982 breeding season. An understanding can be had from a reading of *Trimble v. North Ridge Farms, Inc.*, Ky., 700 S.W.2d 396 (1985). In that case, it was held that North Ridge Farms, Inc., was entitled to "nominate" a mare for breeding to Affirmed during the 1982 season. The case was remanded to the trial court for the purpose of ascertaining damages, if any, suffered by North Ridge by virtue of interference with its nomination by other parties in the controversy. The interference resulted in loss of North Ridge's 1982 breeding rights to the stallion.

After a bench trial, the court entered judgment in favor of North Ridge in the amount of $85,000.00. The judgment, in part, reads as follows:[1]

... IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiff, J. Montjoy Trimble, Agent and Attorney-in-Fact for Dan Stathatos and Sam Malisos, and the said Dan Stathos [sic] and Sam Malisos, jointly and severally, shall pay to the Defendant, North Ridge Farms, Inc. the sum of Eighty Five Thousand Dollars ($85,000.00), together with interest at the rate of twelve percent (12%) per annum from the entry hereof until paid.

No appeals were filed from this judgment rendered April 7, 1986. North Ridge then initiated attachment and garnishment proceedings against J. Montjoy Trimble, agent and attorney-in-fact for Stathatos and Malisos. North Ridge Farms filed a motion to compel a bank to turn over certain funds of Trimble. In response to this motion, the trial court, sua sponte, amended the April 7, 1986, judgment, stating that it never intended that Trimble be personally liable for the judgment. The court overruled North Ridge's motion, whereupon North Ridge filed a motion to vacate the amended judgment. Stathatos filed a CR 60.02 motion to set aside the amended judgment as to himself. These motions were overruled.

---

1. Originally, Malisos and Stathatos appeared personally in two civil suits filed in the Fayette Circuit Court. The actions were consolidated, and J. Montjoy Trimble, agent and attorney-in-fact, was substituted as party plaintiff for Malisos and Stathatos pursuant to an order entered November 12, 1981.

A host of issues are presented by these appeals, all of which may be reduced to the following:[2] (1) North Ridge claims Trimble should be personally liable on the judgment—that the judgment is inadequate and, moreover, fails to bear prejudgment interest; (2) Stathatos claims that he should not be bound on the judgment, as Trimble did not act as his agent, and that the latter should be individually bound. We affirm on all matters.

■ First, we dispose of North Ridge's claims. Trimble is not liable on the judgment for reason he dealt throughout on behalf of a disclosed principal. *See Potter v. Chaney*, Ky., 290 S.W.2d 44 (1956). We know of no rule of law invoking the unknown principal rule simply because one acts without written power of attorney as urged by North Ridge. The trial court's amendment of the April 7th judgment was not to release Trimble from liability, as he was not, in fact, bound under the judgment; at most, it seemed to clarify an ambiguous judgment—which was within the trial court's discretion. Nor was the judgment inadequate. It was supported by substantial evidence. Civil Rule 52.01. We are not, under the circumstances, at liberty to disturb the award. As to the claim for prejudgment interest, we observe the trial court is not bound to make such an award upon unliquidated claims. *Cf. Nolin Production Credit Ass'n v. Citizens Nat'l Bank of Bowling Green*, Ky.App., 709 S.W.2d 466 (1986); *Avritt v. O'Daniel*, Ky. App., 689 S.W.2d 36 (1985); *City of Henderson Police & Fireman Pension Bd. v. Riley*, Ky.App., 674 S.W.2d 27 (1984). We find no abuse of discretion.

■ We turn now to Stathatos's claim that he should not be bound on the judgment, and Trimble should be bound in his stead. This contention is premised upon the fact that Trimble did not act as his agent. The record refutes this argument. The syndicated interest was placed not in Trimble's name, but in his name as "agent"

for Stathatos and another. Stathatos knew of this. It is inconceivable that Stathatos would have the syndicated share placed in his name through the efforts of Trimble, and, at the same time, deny the latter's authority. Moreover, it is incredible that Trimble could represent Stathatos for many years throughout this protracted litigation without succumbing to the realization that Trimble was his agent. The question of agency is one of fact to be gleaned from the record. The trial court having found an agency relationship, we, in review, find substantial evidence to support the finding. CR 52.01.

The judgment of the Fayette Circuit Court is affirmed.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion, as to Appeal Numbers 87–CA–1236–S and 87–CA–1237–S.

All concur.

---

**2.** Many of the contentions made in these appeals are not properly before this Court. We, however, choose to discuss additional issues for the purpose of clarifying this entangled litigation. The appeal involving prejudgment interest and the inadequate award of damages is untimely, but, nevertheless, discussed.